REGAN, Judge.
The plaintiff, Allen B. Cambre, filed this suit against the defendants, Gloria D. Gerald and Paul J. Marchand, endeavoring to recover the amount of $3,440.00 together with interest, attorney’s fees, and costs which he asserts is owed to him as the result of the defendants’ default on a promissory note.
The defendant, Gloria D. Marchand, acting in her own behalf, filed an exception to the plaintiff’s petition pleading the prescription of five years, and asserting other alleged defects therein.
The lower court rendered judgments overruling the defendant’s exceptions and denying her motion for a new trial thereof.
From these judgments, the defendant has prosecuted this appeal. In response thereto, the plaintiff filed a motion requesting its dismissal for the reason that it was not taken from an appealable judgment. He also requests the imposition of penalties and attorney’s fees emanating from a frivolous appeal.
The record discloses without equivocation that the judgments appealed from are not final in their nature. Article 2083 of the Louisiana Code of Civil Procedure provides:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
It is well settled that judgments overruling peremptory exceptions are not final judgments,[1] and since the defendant has not revealed any irreparable injury which may be caused by the interlocutory judgments appealed from, it is very clear that there is no basis or foundation upon which to predicate the defendant’s appeal.
In view of the complicated nature of this case and considering the fact that the defendant is a laywoman representing herself herein, we are not convinced under these circumstances that the plaintiff should be awarded damages for a frivolous appeal.
For the foregoing reasons, the plaintiff’s motion to dismiss is granted, and this matter is now remanded to the lower court *574 for such additional proceedings as the nature of the case may require.
The defendant is to pay all costs incurred herein.
Motion granted: remanded.

. See Feitel v. Feitel, 169 La. 384, 125 So. 280 (1929).