REGAN, Judge.
This case is posed for our consideration as a result of the plaintiff’s motion to dis *276 miss an appeal by the defendant from the lower court’s judgment overruling his exceptions of lis pendens and prematurity. The basis for the plaintiff’s motion is that the lower court’s judgment is interlocutory in nature and causes the defendant no irreparable injury.
The action in the court below is a petition for separation from bed and board, and the substance of the defendant husband’s exception of lis pendens is the fact that he filed an identical action between the same parties in the same capacity, on the same cause of action, in the Twenty-first Judicial District Court for Gray County, Texas. In addition the defendant urges the exception of prematurity on the basis that since the plaintiff in this action has appeared in the Texas proceeding for the purpose of contesting the question of jurisdiction, it is premature to file the present suit in Louisiana until a decision has been rendered on the jurisdictional question in Texas.
Article 1841 of the Louisiana Code of Civil Procedure provides that a judgment which does not determine the merits of an action but only preliminary matters incident thereto in the course of the action is an interlocutory judgment. Article 2083 provides that an appeal may be taken from an interlocutory judgment which may cause irreparable injury. When an interlocutory judgment neither disposes of any issue applicable to the merits of the action nor finally affects the merits of the case, nor deprives the defendant of any benefit to which he may be entitled at the final hearing, there is no irreparable injury and the interlocutory judgment so rendered .is not appealable.[1]
It has been rationalized that when the effect of an exception is merely to cause the defendant to file an answer and defend a law suit, no irreparable injury results and such a judgment is interlocutory and unappealable.[2]
 Article 531 of the Code of Civil Procedure provides that when two or more suits are pending in a Louisiana court or courts predicated on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by filing an exception of lis pen-dens. However, the rule is somewhat different in the situation where a suit is brought in a Louisiana court during the pendency of an action in the court of a sister state or the United States. In such a situation, where the action in the Louisiana court is predicated on the same cause of action, between the same parties in the same capacities, and having the same object, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered. Thus, in the case before us the lower court did not have the mandatory duty of dismissing the subsequent Louisiana proceeding, but it was rather within its sole discretion as to whether the Louisiana proceeding should be discontinued but not dismissed.[3]
An analysis of the certified copy of the Texas litigation further discloses that the lower court did not abuse its discretion by overruling the defendant’s exceptions. The Texas suit has as its object a divorce, while the Louisiana suit has as its object a separation from bed and board, contrary to the requirements of Article 532. In addition, the cause of action in the Texas suit is based on “discord or conflict of personalities”, which is a cause of action unknown to Louisiana law. On the contrary, the Louisiana suit has as its cause of action the alleged abandonment by the defendant of his wife. Thus, it is quite ob *277 vious that the judgment appealed from is interlocutory in nature, causes no irreparable injury to the defendant, and was well within the discretion afforded to the trial judge by virtue of the rationale of Article 532 of the Louisiana Code of Civil Procedure.
The petition in the lower court asserts that the defendant abandoned the plaintiff on January 2, 1972, and it is apparent that if this allegation is in fact true, a cause of action arose on that day. Since there is no procedural bar to proceeding with a suit based on the cause of action of abandonment, the suit filed by the plaintiff was not prematurely instituted.
For the foregoing reasons the appeal prosecuted by the defendant from a judgment overruling his exceptions of lis pen-dens and prematurity is hereby dismissed. The defendant is to pay all costs of this appeal, and all other costs of this litigation are to await its final determination.
Appeal dismissed.

. See, for example, Cary v. Richardson, 35 La.Ann. 505 (1883).

. See Rapides Cent. Ry. Co. v. Missouri Pac. R. Co., 207 La. 870, 22 So.2d 200 (1945); Woodcock v. Crehan, 28 So.2d 61 (La.App.1946).

. See, by analogy, Reid v. Crain Brothers, 134 So.2d 917 (La.App.1961).