MILLER, Judge.
Plaintiff appellee Eulas Eason seeks to dismiss the appeal of defendant appellant *368 Sabine Parish School Board, on the grounds that the appeal was not timely taken. LSA-C.C.P. Art. 3612. The appeal is dismissed.
Eason sued the school board for workmen’s compensation benefits and obtained a preliminary judgment under the provisions of LSA-R.S. 23:1316. Eason then obtained a writ of fieri facias and attempted to satisfy his judgment by garnishing funds belonging to the school board, citing the Sabine State Bank & Trust Company as garnishee.
The defendant school board then obtained a temporary restraining order restraining Eason from executing on his preliminary judgment.
After hearing the school board’s motion for a preliminary injunction, the trial court assigned written reasons and on January 23, 1973, rendered and signed a judgment dismissing the school board’s temporary restraining order and denying its application for a preliminary injunction. The school board then filed an application for new trial, which was denied on February 6, 1973. On February 8, 1973 the school board moved for a suspensive appeal which was granted that same day. This was 16 days after the trial court’s January 23, 1973 judgment denying the school board’s request for a preliminary injunction.
Article 3612 of the Code of Civil Procedure provides:
“There shall be no appeal from an order relating to a temporary restraining order.
An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders.
An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
Except as provided in this article, the procedure for an appeal from an order or judgment relating to a preliminary or final injunction shall be as provided in Book III.” (Emphasis added.)
The delays for taking an appeal from an order or judgment relating to a preliminary injunction commence with “. the date of the order or judgment.” In Morris v. Transtates Petroleum, Inc., 258 La. 311, 246 So.2d 183 (1971) it was held that “. . . there are no exceptions to the mandate in this article, and there is no reference to applications for new trials suspending the time provided for appeal.”
Since the school board’s appeal relates to a preliminary injunction, the appeal had to be taken within 15 days from the January 23, 1973 judgment, or by February 7, 1973. The appeal was not perfected until February 8, 1973.
The appeal is dismissed.
Appeal dismissed.