284 So.2d 153 (1973)
STATE of Louisiana Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellee,
v.
ALEXANDRIA LAND AND LUMBER COMPANY, INC., et al., Defendants-Appellants.
No. 4427.
Court of Appeal of Louisiana, Third Circuit.
September 28, 1973.
Rehearing Denied November 2, 1973.
*154 Crowell, Owens & Tudor, by Richard L. Crowell, Alexandria, and Madison, Files, Garrett, Brandon & Hamaker, by Merwin M. Brandon, Jr., Bastrop, for defendants-appellants.
D. Ross Banister, Chester E. Martin, Jesse S. Moore, Jr., La. Dept. of Highways, Baton Rouge, and Edward Kaplan, Alexandria, for plaintiff-appellee.
Before SAVOY, CULPEPPER, and DOMENGEAUX, JJ.

ON MOTION TO DISMISS APPEAL
DOMENGEAUX, Judge.
Plaintiff-appellee, Department of Highways, moved to dismiss the devolutive appeal of defendants-appellants, Alexandria Land and Lumber Company, Inc. and International Paper Company, contending that the trial court judgment is a non-appealable interlocutory judgment. LSA-C.C.P. 2083. We dismiss the appeal.
Defendant International Paper Company leases from defendant Alexandria Land and Lumber Company, Inc. a tract of land, part of which plaintiff Department of Highways is seeking to expropriate under Louisiana's "quick taking" statute LSA-R.S. 48:441 et seq.
In the trial court defendants filed motions to dismiss and other exceptions to the Order of Expropriation, all of which, insofar as is here pertinent, are based on the Highway Department's alleged improper procedure in filing a single appraisal and making a single deposit rather than making separate appraisals and deposits for lessee and lessor.
The trial court signed a judgment dismissing defendants' motions and exceptions from which judgment they perfected this devolutive appeal.
An appeal may be taken only from a final judgment or an interlocutory judgment which may cause irreparable injury. LSA-C.C.P. art. 2083.
A judgment which neither disposes of issues applicable to the merits nor finally affects the merits nor deprives defendant of benefits to which he may be entitled at final hearing is a non-appealable interlocutory judgment. Waters v. Waters, 264 So.2d 275 (La.App. 4 Cir., 1972); LSA-C.C.P. arts., 1841 and 2083.
The trial court's judgment disposes of no issues on the merits. The petition *155 for the devolutive appeal does not allege irreparable injury, and we see none.
The appeal is dismissed at appellants' costs.
Appeal dismissed.