295 So.2d 897 (1974)
William M. SHAW, Plaintiff-Appellee,
v.
J. Clifton GARRETT et al., Defendants-Appellants.
No. 12329.
Court of Appeal of Louisiana, Second Circuit.
May 28, 1974.
*898 Campbell, Campbell, Marvin & Johnson, by John T. Campbell, Minden, Stephen M. Waller, Homer, for defendants-appellants.
John T. Keys, Jr., Metairie, for Carolyn Marie Scruggs Franklin, defendant and third party plaintiff.
Kitchens, Benton & Kitchens, by John B. Benton, Jr., Minden, Shaw & Shaw, by Jean C. Shaw, Homer, for plaintiff-appellee.
Before PRICE, HALL and WILLIAMS, JJ.
PRICE, Judge.
Plaintiff and defendants are owners of contiguous estates in Claiborne Parish and this action was initiated by plaintiff to settle the common boundaries between these properties. Defendants filed an exception of acquisitive prescription of ten, twenty and thirty years without particularizing the factual basis for their claims. At the time of the hearing on the exception the trial judge refused to hear evidence in support of the exception and referred the trial of the exception to the merits. Defendants have appealed this action of the trial court.
Plaintiff opposes defendants' right to appeal for the following reasons:
(1) The action of the trial court is not a "judgment" as defined by LSA-C.C.P. art. 1841 as it made no determination of any rights between the parties (as to the prescription claimed by defendants) but merely postponed making any such determination until trial of the merits.
(2) Even conceding the action constituted a "judgment of the court", it is interlocutory in nature and no irreparable injury would result to defendants entitling them to an appeal from such a judgment under the provisions of LSA-C.C.P. art. 2083.
(3) The plea of acquisitive prescription is an affirmative defense to an action of boundary and may not be asserted by peremptory exception.
We find the second argument of plaintiff relating to the lack of showing of irreparable injury is dispositive of this matter, and although there may be merit to the other reasons advanced in his opposition, we do not find it necessary or appropriate to give them consideration in this opinion.
Defendants concede the trial court's ruling appealed from is interlocutory in nature, but contend they have a right to have the exceptions tried in advance of the merits under LSA-C.C.P. art. 929 as they were pled prior to answer and should their exceptions be maintained they would be relieved of spending a considerable sum for surveys in preparation for a trial of the merits.
The prevailing jurisprudence is against both of these arguments projected by defendants *899 in support of their right to appeal this interlocutory order.
The inconvenience and expense in having to answer and defend a lawsuit as a result of the trial court's refusal to sustain exceptions has been held not to constitute irreparable injury sufficient to justify an appeal from an interlocutory judgment. See Waters v. Waters, 264 So.2d 275 (La. App. 4th Cir. 1972), and Stull v. Rosenfield's House of Fashion, Inc., 220 So.2d 160 (La.App. 1st Cir. 1969).
For the foregoing reasons this appeal is dismissed and this cause is remanded to the district court for further proceedings.
Costs of this appeal are to be paid by appellant.