PICKETT, Judge.
On August 13, 1973, Mrs. Carol Hogan Reese filed suit against her husband, Marion E. Reese, for a separation from bed and board, custody and control of their minor children, alimony pendente lite for the support of herself and minor children, a temporary restraining order, a preliminary injunction to prohibit her husband from disposing of or alienating community assets, and enjoining him from entering the community residence, or from harassing and verbally or physically abusing plaintiff. A rule nisi issued in accordance with plaintiffs petition and the prayer thereof. The defendant filed an exception of no right of action. The exception and rule nisi were tried on October 15, 1973. The exception was overruled, and there was judgment in favor of the plaintiff directing the issuance of a preliminary injunction prohibiting defendant from disposing of or encumbering community property, and enjoining him from entering the community residence or from harassing and verbally or physically abusing the plaintiff. The defendant has appealed, and plaintiff has moved to dismiss the appeal.
The judgment on the rule for a preliminary injunction was rendered in open court on October 15, 1973, and was read and signed on October 16, 1973. The order for a devolutive appeal, together with the appeal bond, was dated and signed on November 8, 1973.
The plaintiff alleged and argued that the defendant’s appeal should have been perfected no later than October 31, 1973, under the provisions of LSA-C.C.P. Article 3612, the applicable portion of which reads as follows:
“An appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. * * * * ”
This appeal was not taken within the fifteen days “from the date of the order or judgment” allowed by LSA-C.C.P. Art. 3612. In Eason v. Sabine Parish School Board, La.App., 276 So.2d 367, the Court held that an appeal taken 16 days after the judgment of the trial court denying a preliminary injunction was untimely. In the Eason case the Court, citing Morris v. Transtates Petroleum, Inc., 258 La. 311, 246 So.2d 183, said:
“The delays for taking an appeal from an order or judgment relating to a preliminary injunction commence with . the date of the order or judgment.’ In Morris v. Transtates Petroleum, Inc., 258 La. 311, 246 So.2d 183 (1971) it was held that ‘. . . there are no exceptions to the mandate in this *520 article, and there is no reference to applications for new trials suspending the time provided for appeal.’ ”
The appeal having been taken more than 15 days after the date Of the judgment granting a preliminary injunction, it is obvious the appeal must be dismissed under the mandatory provisions of LSA-C.C.P. Art. 3612.
The plaintiff-appellee contends the overruling by the trial court of defendant’s exception of no right of action was an interlocutory decree from which no appeal lies. The defendant argues that the general rule that an interlocutory decree is not appealable is inapplicable in the present cause of action, because the overruling of the exception caused defendant irreparable injury. C.C.P. Article 2083.
The defendant in his exception of no ' right of action alleged that plaintiff’s petition was filed on August 13, 1973, and that the petitioner was still co-habiting with defendant after the date of the filing of the petition. Defendant argues that the failure of the court to sustain his exception caused him irreparable injury because the failure to dismiss plaintiff’s suit and the granting of the preliminary injunction resulted in depriving him of the administration of the community property and prohibiting him from entering his residence. However, the issues plead by defendant in the exception of no right of action may be urged as a defense on the merits. In Waters v. Waters, La.App., 264 So.2d 275, the Court said:
“When an interlocutory judgment neither disposes of any issue applicable to the merits of the action nor finally affects the merits of the case, nor deprives the defendant of any benefit to which he may be entitled at the final hearing, there is no irreparable injury and the interlocutory judgment so rendered is not appealable.”
The trial court’s judgment overruling defendant’s exception of no right of action disposed of no issue that cannot be urged on the merits. Therefore, we conclude that the judgment overruling the exception of no right of action filed by defendant-appellant was a non-appealable interlocutory decree. Dietz v. Eunice-Crowley Oil Co., Inc., La.App., 193 So.2d 94; State Through Dept. of Hwys. v. Alexandria Land and Lumber Co., Inc., La.App., 284 So.2d 153; LSA-C.C.P. Articles 1841 and 2083.
For the above and foregoing reasons the appeal is dismissed at appellant’s costs.
Appeal dismissed.