328 So.2d 755 (1976)
Terry E. MAUTERER
v.
Robert E. TILLERY.
No. 10708.
Court of Appeal of Louisiana, First Circuit.
March 1, 1976.
Robert E. Tillery, Baton Rouge, in pro. per.
Edward P. Sutherland, Baton Rouge, for appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
Plaintiff (Appellee) has moved dismissal of the appeal taken by Defendant (Appellant) from judgment dismissing Appellant's exceptions of no cause of action and vagueness filed in defense of Appellee's suit for damages for alleged unlawful arrest. The trial court dismissed Appellant's exceptions upon Appellee's ex parte application, without hearing the exceptions on their merits, because Appellant failed to simultaneously file a memorandum of authorities with the exceptions and furnish copies thereof to opposing counsel, as reputedly required by the trial court rules. We grant the motion to dismiss upon finding that the judgment appealed from is not an appealable judgment.
Appellant filed no answer below. The exceptions filed by Appellant constitute Appellant's initial and only response to the action after being served with process.
An appeal may be taken from a final judgment or from an interlocutory judgment which may cause irreparable injury. LA-CCP. Article 2083.
A final judgment is one which determines the merits of a controversy either in whole or in part. LA-CCP. Article 1841.
An interlocutory judgment is one which does not determine the merits of a cause but decides only preliminary matters in the course of the action. LA-CCP. Article 1841.
A judgment which dismisses a peremptory exception of no right or cause of action is an interlocutory judgment. Lounsberry v. Hoffpauir, La.App., 199 So.2d *756 553; Dietz v. Eunice-Crowley Oil Co., La.App., 193 So.2d 94.
Appellant argues that the judgment in question although interlocutory, is nevertheless appealable because it causes Appellant irreparable injury by denying him the right to a determination of his exceptions prior to trial on the merits in violation of LA-CCP. Article 929, which provides as follows:
"Art. 929. Time of trial of exceptions
The declinatory exception, the dilatory exception, and the peremptory exception when pleaded before answer, shall be tried and decided in advance of the trial of the case.
If the peremptory exception has been pleaded in the answer, or subsequently, but at or prior to the trial of the case, it shall be tried and disposed of on the trial. If the peremptory exception has been pleaded after the trial of the case, the court may rule thereon at any time unless the party against whom it has been pleaded desires and is entitled to introduce evidence thereon. In the latter event, the peremptory exception shall be tried specially."
It is Appellant's position that the trial court is mandatorily required to decide exceptions prior to trial on the merits and that refusal to do so deprives Appellant of his substantive and procedural rights to be heard. Appellant urges that such rights cannot be measured in monetary terms; hence he has suffered irreparable injury and is entitled to appeal. In support of his arguments, Appellant cites and relies upon Trahan v. Petroleum Casualty Co., 250 La. 949, 200 So.2d 6; Louisiana Hoop Company, Inc. v. Hood, La.App., 292 So.2d 808; Boudreaux v. Yancey, La.App., 256 So.2d 340; Rayborn v. Rayborn, La.App., 246 So.2d 400; Strickland v. Southern National, Insurance Co., La.App., 27 So.2d 733.
Except for Boudreaux v. Yancey, above, we find none of the cited authorities apposite. Trahan, above, did not involve an appeal but was concerned with an application for writs to review the refusal of the trial court to grant plaintiff a speedy trial in a suit for workmen's compensation benefits. Rayborn, above, also involved an application for writs to consider the trial court's overruling a dilatory exception to the use of summary procedure, as well as the trial court's interpretation of court rules, and its ruling on the effect of a wife's prior judgment in a separation suit upon the question of fault as regarded the wife's right to alimony. In Strickland, above, plaintiff appealed from judgment sustaining defendant's exception of no cause and no right of action and dismissing plaintiff's suit claiming the proceeds of an insurance policy. In Louisiana Hoop Company, Inc., above, defendants appealed from a money judgment rendered against them and complained of the application of court rules which permitted rendition of an ex parte judgment against a party failing to comply with certain pre-trial procedure.
In Boudreaux v. Yancey, above, plaintiff appealed from dismissal, without prejudice, of a wrongful death action. The suit was dismissed for failure to comply with trial court procedural rules. The issue of whether plaintiff was entitled to appeal was not raised.
Whether trial court rules or custom permit Appellant to refile his exceptions in conformity with the pertinent rule appears a matter of no moment in this instance. In essence, the effect of the trial court's action is no greater than a trial court's refusal to sustain a peremptory exception.
It is well settled that the inconvenience and expense involved in a litigant's having to answer and defend a lawsuit, as a result of a trial court's refusal to sustain exceptions, does not constitute irreparable injury so as to support appeal from such a judgment prior to rendition of judgment on the merits. Rapides Cent. Ry. Co. v. Missouri Pac. R. Co., 207 La. 870, 22 So.2d *757 200. See also Shaw v. Garrett, et. al., La.App., 295 So.2d 897, and authorities therein cited.
Considering that the judgment appealed is an interlocutory judgment which does not result in irreparable injury, Appellant's remedy, if any exists herein, must under the procedural posture of this case be exercised by invoking the supervisory jurisdiction of this court.
The motion to dismiss is granted and this appeal dismissed at Appellant's cost.
Appeal dismissed.