BOLIN, Judge.
Petrofunds, Inc., and others sued B & B Casing Company and others for damages allegedly caused in part by the negligence of B & B Casing in furnishing unsuitable drilling casing for the well in which plaintiff owned a working interest. B & B Casing made Commercial Union Insurance Company a third party defendant, averring the insurer had issued a policy to B & B covering the alleged damages. Commercial Union filed a motion for a declaratory judgment as to the third party demand on the grounds that the insurance contract excluded this claim. The trial court rendered judgment denying the declaratory judgment “at this time” and Commercial Union appeals. We dismiss the appeal as it is not from an interlocutory decree which may cause irreparable injury.
While there is some question as to whether the motion should be equated to an exception of no cause or right of action or a motion for summary judgment, it is undisputed the judgment appealed is interlocutory in nature. Louisiana Code of Civil Procedure Article 2083 authorizes appeals from final judgments and from interlocutory judgments “which may cause irreparable injury”. Appellant does not contend that it has lost any rights which can not be protected by an appeal from a final judgment; rather, it contends it will be forced to undergo unnecessary expense and the inconvenience of a trial. The expense and inconvenience of defending a case on its merits are not items constituting irreparable injury. Rapides Central Rwy. Co. v. Missouri Pacific Rwy. Co., 207 La. 870, 22 So.2d 200 (1945); Waters v. Waters, 264 So.2d 275 (La.App. 4th Cir., 1972); Shaw v. Garrett, 295 So.2d 897 (La.App. 2d Cir., 1974).
The appeal is dismissed at appellant’s cost.