JONES, Judge.
Plaintiffs filed a motion to dismiss defendants’ appeal from an order overruling defendants’ exceptions of nonjoinder of necessary parties. The case is now submitted to us for decision on the motion to dismiss and on the merits. We dismiss the appeal and for that reason, have no jurisdiction to consider the merits.
Plaintiffs, E. M. Ironsmith, III and Edward J. O’Brien Jr., bring this action indi-, vidually and as representatives of Class A shareholders of Country Place Homeowners’ Association, Inc., (HOMEOWNERS) against Homeowners, the nonprofit corporation of which plaintiffs as homeowners in the subdivision are shareholders, Country Place, Inc., the developer of the subdivision, and James L. Larkin, L. C. Odom and W. D, Compton, officers and directors of both corporations. Plaintiffs allege Odom, Compton and Larkin have breached their fiduciary duty owed to Homeowners in numerous ways, the more important ones of which are (1) failing and refusing to collect annual assessments due Homeowners on each lot sold as required by Articles of Incorporation and Declaration of Covenants, Conditions and Restrictions, and are thereby liable for the assessments, and (2) failing and refusing to require Country Place, Inc. to convey to Homeowners all of the common area described to be the property of Homeowners in sales literature and filings with the FHA.
Defendants filed an exception of nonjoin-der of necessary party plaintiffs based upon C.C.P. Art. 611[1] asserting it is not impracticable to join all 205 homeowners and Class A shareholders of Homeowners. Defendants subsequently filed an exception of non-joinder of necessary party defendants (speculative builders who were lot owners) from whom the defendant corporate officers refused to collect the assessment. Defendants contend C.C.P. Art. 596 [2] requires these *292 parties be joined as defendants. The trial court overruled defendants’ exceptions of nonjoinder on the ground plaintiffs met the requirements for a class action.
Defendants appeal contending irreparable injury would result to them if the action was allowed to proceed as a class action and it was later determined on an appeal of the merits the trial court erred in permitting the suit to proceed as a class action.
ISSUE
Is the judgment overruling the exceptions of nonjoinder of necessary parties an interlocutory judgment which may cause irreparable injury and for that reason ap-pealable?
The judgment overruling the exceptions of nonjoinder is interlocutory because it does not determine the merits. C.C.P. Art. 1841.[3]
The right to appeal an interlocutory judgment is contained in C.C.P. Art. 2083:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.”
The defendants cite State of Louisiana ex rel. Guste v. General Motors Corp., 354 So.2d 770 (La.App. 4th Cir. 1978), cert. granted 356 So.2d 1005 (La.1978), affirmed 370 So.2d 477 (La.1979), wherein a judgment certifying a class action was held to be appealable, in support of their contention that the interlocutory judgment of the trial court certifying a class action may cause irreparable harm and is for this reason ap-pealable.
Plaintiffs seek to dismiss the appeal on the grounds the facts of the instant case are distinguishable from Guste and the interlocutory judgment here appealed will not cause irreparable harm.
Defendants contend they will suffer irreparable harm if a final determination of the propriety of the class action is not made at this point for if it is determined on an appeal on the merits not to have been a class action certain issues would be more difficult to determine at a later date when individual actions are filed, duplicitous litigation will occur, burden and expense of notice to the class will have occurred, court days will be wasted and other litigants will be delayed.
In State ex rel. Guste v. General Motors Corp., supra, that court found irreparable injury may result if a final determination is not made on the propriety of the class action before the trial for the following reasons (1) if the class action was later found improper the delay caused individual plaintiffs in the institution of their suits would make assessment of damages difficult because of depreciation of the automobiles and from defendant’s viewpoint depreciation would make proper evaluation of damages difficult, (2) the costs in that particular case would be overwhelming considering the number of court days to be set aside and notices required to be given by representatives of a class which consisted of 1,467 and delays resulting to litigants in other trials.
*293 Defendants’ appeal meets none of the criteria set out in Guste. The amount to be assessed and collected from lot owners as provided for in the Declaration of Covenants, Conditions and Restrictions does not have a changing value. The common area which Country Place, Inc. allegedly agreed to transfer is described in letters to the FHA and in sales brochures and thus will not change. The potential class is small when compared to the class in Guste and to mail notice of the proposed class action to each member as required by Williams v. State, 350 So.2d 131 (La.1977) would not be costly or unduly burdensome. Plaintiffs individually have a right to sue the directors on behalf of the corporation to enforce obligations and duties set out in the Articles, By-Laws and Declaration of Covenants, Conditions and Restrictions. This right is common to each shareholder as an individual shareholder and as a member of Class A shareholders in Country Place Homeowners’ Association, Inc., and for this reason no court days will be wasted if a later determination is made that no valid class exists.
In the decision of Hunter v. Health & Social & Rehabilitation Services, 372 So.2d 577 (La.App. 2d Cir. 1979), we set forth the test to be used in determining whether an interlocutory judgment is appealable:
“The standard, as this court sees it, is not whether a possible procedural error in the course of litigation in the trial court may be corrected on appeal after trial on the merits, but is whether the procedural error will have such an effect on the merits of the case that the appellate court cannot correct an erroneous decision on the merits.”
Should judgment in this case be rendered against the defendants in favor of the plaintiffs individually and as representatives of a class and defendants appeal, if we should determine there was no class action we could reverse the judgment in favor of the class and thus correct the “erroneous decision on the merits”.
In the decision of Shaw v. Garrett, 295 So.2d 897, 899 (La.App. 2d Cir. 1974) the court made the following comments in discussing whether interlocutory judgments of the trial court overruling exceptions are appealable stated:
“The inconvenience and expense in having to answer and defend a lawsuit as a result of the trial court’s refusal to sustain exceptions has been held not to constitute irreparable injury sufficient to justify an appeal from an interlocutory judgment. See Waters v. Waters, 264 So.2d 275 (La.App. 4th Cir. 1972), and Stull v. Rosenfield’s House of Fashion, Inc., 220 So.2d 160 (La.App. 1st Cir. 1969).”
See also Mauterer v. Tillery, 328 So.2d 755, 756 (La.App. 1st Cir. 1976) wherein the court stated:
“It is well settled that the inconvenience and expense involved in a litigant’s having to answer and defend a lawsuit, as a result of a trial court’s refusal to sustain exceptions, does not constitute irreparable injury so as to support appeal from such a judgment prior to rendition of judgment on the merits . . . ”
If an interlocutory judgment which has the effect of overruling exceptions requiring a defendant to file an answer and go to trial is not considered as an interlocutory judgment which may cause irreparable injury, neither can the relatively less burdensome judgment wherein exceptions of nonjoinder of party plaintiffs and defendants are overruled be construed as one “which may cause irreparable injury”.
The reason for the rule which permits appeal of interlocutory judgments only in the case where there may be irreparable harm is to prevent a multiplicity of appeals in the same case. “Review and correction of every claimed trial court procedural error by the appeal process is neither desirable nor necessary. The result of that process would be piecemeal appeals and undue delay.” Hunter v. Health & Social & Rehabilitation Services, supra.
The interlocutory judgment appealed from “may not cause irreparable injury” as defined by our jurisprudence and is not appealable.
*294 Since the interlocutory judgment in this case is not appealable, this court has no jurisdiction and cannot at this time pass on the correctness of the order overruling the exceptions of nonjoinder.
The appeal is DISMISSED at appellants’ cost.

. C.C.P. Art. 611 — “When it is not impracticable for all of the shareholders or members of a corporation or unincorporated association to join or to be joined as parties to a secondary action to enforce a right of the corporation or unincorporated association which it refuses to enforce, all of the shareholders or members who refuse or fail to join as plaintiffs in such an action shall be joined as defendants.
In all other respects, such an action is governed by the provisions of Articles 593 through 596.”

. C.C.P. Art. 596 — “The petition in a class action brought by a shareholder or member of a corporation or unincorporated association because it refuses to enforce a right which it may enforce shall:
(1) Allege that the plaintiff was a shareholder or member at the time of the occurrence or transaction of which he complains, or that his share or membership thereafter devolved on him by operation of law;
(2) Allege with particularity the efforts of the plaintiff to secure from the managing directors, *292 governors, or trustees and, if necessary, from the shareholders or members, the enforcement of the right; and the reasons for his failure to secure such enforcement; or the reason for not making such an effort to secure enforcement of the right;
(3) Join as defendants the corporation or unincorporated association and the obligor against whom the obligation is sought to be enforced:
(4) Include a prayer for judgment in favor of the corporation or unincorporated association and against the obligor on the obligation sought to be enforced; and
(5)Be verified by the affidavit of the plaintiff or his counsel.”

. C.C.P.. Art. 1841 — “A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.”