ON MOTION TO DISMISS APPEAL
FRED W. JONES, Judge.
Adolphus B. Slaton filed suit against William A. Beach to have judicially established the boundary line between adjoining tracts of land allegedly owned by the parties. Defendant interposed pleas of ten and thirty years acquisitive prescription, which were tried and overruled.
Defendant appealed from this judgment of the lower court overruling his peremptory exception. In response, plaintiff-appel-lee has moved to dismiss the appeal on the ground that the judgment in question is interlocutory and nonappealable.
Article 2083 of the La.Code of Civil Procedure provides:
“An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, and from an interlocutory judgment which may cause irreparable injury.” (emphasis added)
Appellant concedes that the judgment from which he appeals is interlocutory, but argues that it will cause him irreparable harm in the form of unnecessary court expenses and survey costs.
This court was confronted by a similar argument in Shaw v. Garrett, 295 So.2d 897 (La.App. 2d Cir. 1974) which involved a motion to dismiss an appeal from the trial court’s action in referring an exception of *939 acquisitive prescription in a boundary action to the merits. The motion to dismiss was granted, with this comment:
“The inconvenience and expense in having to answer and defend a lawsuit as a. result of the trial court’s refusal to sustain exceptions has been held not to constitute irreparable injury sufficient to justify an appeal from an interlocutory judgment.”
Also see Cambre v. Gerald, 219 So.2d 572 (La.App. 4th Cir. 1969).
Finding that the judgment appealed from is interlocutory and that appellant has failed to show irreparable injury, this appeal is dismissed and the case is remanded to the district court for further proceedings, with costs of the appeal assessed to appellant.