COVINGTON, Judge.
This matter comes on for appeal from judgment in each of two consolidated cases for adoption of the same child, Alison Aline Moneyhon. The first suit was brought pursuant to LSA-R.S. 9:422.1 by Widless Joseph Brunet and Aline Kahl Brunet, the maternal grandparents of the child, based on legal custody of the mother, Dorothy Brunet Moneyhon, and the failure of the father, David Stewart Moneyhon, Jr., to comply with a court order to support the child, for a period of one year. The father filed exceptions designed as “Peremptory Exceptions” on the grounds of no right and no cause of action, because custody of the child had never been awarded to the grandparents by court judgment and that the father had not given his consent to the adoption.
In the second suit the present wife of the father of the child, Margaret Smith Money-hon, petitioned for adoption of the child. The grandparents who are seeking adoption of the child filed a peremptory exception of no right of action on the ground that the mother had not failed to support the child and has not consented to the adoption by the father’s wife.
After hearing on the peremptory exceptions in the consolidated matter, the district court (in its capacity as juvenile court) sustained the exception of no right of action filed by Widless Joseph Brunet and Aline Kahl Brunet, and dismissed the suit of Margaret Smith Moneyhon with prejudice “since the petition as filed shows that the applicant for adoption meets none of the requirements of R.S. 9:422.1;” and the court below overruled the peremptory exceptions filed by the father, “as the pleadings and the law afford an opportunity to the Grandparents to adopt under the provisions of R.S. 9:422.1.”
It is obvious that the trial judge properly sustained the peremptory exception and dismissed the suit of the father’s present wife, Margaret Smith Moneyhon. The spouse of the petitioner (David Stewart Moneyhon, Jr.) has not been granted custody of the child by a court of competent jurisdiction and the mother (the other legitimate parent) has not refused or failed to comply with a court order of support for a period of one year. See LSA-R.S. 9:422.1; Haynes v. Mangham, 375 So.2d 103 (La. 1979). We affirm the judgment dismissing the suit of Margaret Smith Moneyhon with prejudice at appellant’s costs. (In re: Margaret Smith Moneyhon, Applying for Adoption of Alison Aline Moneyhon, Number 883-A, 17th Judicial District Court, Parish of Lafourche, Louisiana.)
With regard to the appeal from the judgment overruling the peremptory exceptions, the entire proceeding in this suit on the exceptions shows that the trial judge, as well as the parties, considered the exceptions of no right and no cause of action filed by the father only as a preliminary matter which was to be disposed of prior to trial on the merits of the adoption. The judgment on the father’s exceptions does not purport to dispose of the merits of the grandparents’ application for adoption. The judgment was merely an interlocutory judgment overruling the peremptory exceptions of no right and no cause of action. The judgment, not being a final judgment or an interlocutory judgment which may cause irreparable injury, is not appealable, and the appeal from the judgment overruling the peremptory exceptions of the father, David Stewart Moneyhon, Jr., must be dismissed. LSA-C.C.P. art. 2083.
It is well settled that judgments overruling peremptory exceptions are interlocutory, not final, judgments; and, since the appellant in the instant case has revealed no irreparable injury, it is clear that there is no basis for the appellant’s appeal. See Millet v. Johnson, 352 So.2d 1301 (La. App. 4 Cir. 1977); Mauterer v. Tillery, 328 So.2d 755 (La.App. 1 Cir. 1976); Cambre v. Gerald, 219 So.2d 572 (La.App. 4 Cir. 1969). We thus dismiss the appeal in the matter entitled “In re: Widless Joseph Brunet and Aline Kahl Brunet, Applying for Adoption of Alison Aline Moneyhon, Number: 879-A, 17th Judicial District Court, Parish of La- *224 fourche, Louisiana,” at the costs of appellant, Margaret Smith Moneyhon.[1]
APPEAL IN NUMBER 13,725 DISMISSED.
JUDGMENT IN NUMBER 13,726 AFFIRMED.

. Although both the natural father, David Stewart Moneyhon, Jr., and his wife moved for and obtained an order of.appeal, she was the only petitioner and is the sole proper appellant before us in that case.