MARVIN, Judge.
In this action under L.R.S. 48:441, the State petitioned to expropriate a right of access line for 1-220 along the southerly 183.46 feet of defendants’ property. Defendants moved to dismiss the action on the grounds which include the contention that the property was not expropriated for a public use. L.R.S. 48:447.[1]
The highway had been essentially completed and has been used by the public for some time before defendants’ motion was heard. Defendants presented evidence and argument on the grounds alleged in the motion to dismiss but did not present evidence or argument that the taking was not for a public purpose. The State introduced its petition and affidavits establishing a prima facie case that the right of access was for a public use.
The essential thrust of defendants’ complaints is not toward the alleged public purpose issue but toward the manner in which the expropriation power was exercised. Under these circumstances, we must find that defendants’ “motion” is in reality an exception based on several peremptory grounds.
Under these circumstances, a judgment overruling one or more peremptory exceptions is not an appealable judgment. C.C.P. 2083. Mauterer v. Tillery, 328 So.2d 755 (La.App. 1st Cir. 1976).
Exproprio motu, the appeal is dismissed and these proceedings are remanded at appellants’ cost.

. Section 447 reads, in part:
“Any defendant desiring to contest the validity of the taking on the ground that the property was not expropriated for a public purpose may file a motion to dismiss the suit within ten days after the date on which the notice was served on him. He shall certify thereon that a copy thereof has been served personally or by mail on either the plaintiff or its attorney of record in the suit. This motion shall be tried contradictorily with the plaintiff to the judge alone and shall be decided prior to fixing the case for trial.”
The other grounds which are alleged for dismissal are in the nature of exceptions. These alleged grounds include:
“a. That Defendant’s right of access to North Market Street ... is a valuable property right, but its value has not been estimated or the amount thereof deposited in Court as required by R.S. 48:443 to 445, inclusive,
“b. The present free access right-of-way of North Market Street ... through Defendant’s property was fixed and established through a compromise agreement between the State of Louisiana through its Department of Highways and Defendant’s ancestors in title in a prior expropriation suit in this Court and is final and res judicata as to the Plaintiff herein.
“c. The existing ... right-of-way of North Market Street ... was granted to the State of Louisiana by Defendant’s ancestors in title ... without monetary payment in consideration of the advantages to be gained by having full access to North Market Street .. . but the State of Louisiana has not rescinded nor offered to rescind that grant nor to pay for the presently existing right-of-way ...
“d. That Defendant’s right of access ... is a vested property right acquired by Defendant from the State of Louisiana, through its Department of Highways, for a good and adequate consideration ...
“e. The Plaintiffs petition does not contain a certified copy of the Resolution adopted by the Board of Highways ... as required by R.S. 48:422(1)_
“f. The Plaintiff’s petition does not contain a statement of the amount of money estimated to be just and adequate compensation for the pre-existing 200 foot right-of-way .. . through Defendant’s property granted to the State of Louisiana by Defendant’s ancestors. . .
“g. The persons selected by the Right of Way Engineer to make the estimate of value and damages do not meet the requirements of R.S. 48:443 ...
“h. That the estimate of value and damages attached to Plaintiff’s petition does not meet the requirements of law.”