413 So.2d 1343 (1982)
Daize (Daes) CHERAMIE, et al.
v.
Raphael VEGAS, et al.
No. 14919.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
*1344 Harold L. Molaison, Gretna, and P. Keith Daigle, John A. Gordon, of Gordon, Arata & McCollam, New Orleans, for plaintiffs-appellees Daize (Daes) Cheramie, et al.
Edward T. Diaz, of Diaz & Cheramie, Golden Meadow and William W. Rosen, of Levy, Marx, Lucas & Rosen, New Orleans, for defendants-appellants Raphael Vegas, et al.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
EDWARDS, Judge.
Appellees' motion to dismiss this appeal raises the issue of whether the ruling appealed from constitutes an appealable judgment.
On May 21, 1976, a consent judgment was signed by the trial court fixing a permanent boundary line between the property of the plaintiffs and the defendants. On May 21, 1979, plaintiffs petitioned for a rule to show cause why that judgment should not be corrected, alleging that it contained an error in calculation. Defendants filed dilatory exceptions of vagueness and unauthorized use of summary proceedings. Additionally, defendants filed peremptory exceptions of res judicata and no cause of action.
*1345 The exception of unauthorized use of summary proceedings was overruled by the trial judge on November 8, 1979. All other exceptions were taken under advisement until after an evidentiary hearing was held. Defendants appealed that judgment, but the appeal was dismissed by this court on the grounds that the interlocutory judgment was not appealable since there was no showing made of irreparable harm. Cheramie v. Vegas, 385 So.2d 453 (La.App. 1st Cir. 1980). This court also ordered that on remand the trial court should dispose of all the exceptions prior to a hearing on the merits of plaintiffs' rule.
Subsequent to the dismissal of this appeal and the remand to the trial court, defendants filed a motion for summary judgment. On May 14, 1981, the trial court rendered judgment overruling defendants' exceptions of no cause of action and res judicata and denying the motion for summary judgment. Defendants suspensively appealed that judgment and plaintiffs have filed a motion to dismiss that appeal.
LSA-C.C.P. art. 968 expressly provides that no appeal is available from a denial of a motion for summary judgment. Batson v. Time, Inc., 298 So.2d 100 (La.App. 1st Cir. 1974), writ denied, 299 So.2d 803 (1974).
Additionally, a judgment overruling peremptory exceptions of no cause of action and res judicata is an interlocutory rather than a final judgment and thus not appealable absent a showing of irreparable harm. LSA-C.C.P. art. 2083; In Re Brunet, 393 So.2d 222 (La.App. 1st Cir. 1980); Wallace v. Pan American Fire & Casualty Company, 386 So.2d 158 (La.App. 3rd Cir. 1980); Mauterer v. Tillery, 328 So.2d 755 (La.App. 1st Cir. 1976), writ denied, 365 So.2d 245 (1978); Bulk Transport v. General Truck Drivers, W. & H.L.U., 195 So.2d 159 (La.App. 1st Cir. 1967).
The only irreparable harm urged by defendants as a result of the judgment complained of is that they will suffer the costs incident to a hearing on the merits. The necessity for increased expenses and labor resulting from trial on the merits does not constitute irreparable harm. Wallace v. Pan American Fire & Casualty Company, supra; Mauterer v. Tillery, supra; Smith v. Hartford Accident & Indemnity Company, 195 So.2d 743 (La.App. 1st Cir. 1967), application not considered, 250 La. 642, 197 So.2d 898 (1967).
In our earlier decision in this matter, Cheramie v. Vegas, 385 So.2d 453, at 454 (La.App. 1st Cir. 1980), we stated that the standard for determining whether an interlocutory judgment may cause irreparable injury is:
"... whether any error in the judgment may be corrected as a practical matter in an appeal following the determination of the merits."
See also Jacobs v. Jacobs, 365 So.2d 25 (La.App. 4th Cir. 1978). Once again, this is such a case. We would be able to correct any error in the judgment appealed following an evidentiary hearing on the merits of plaintiffs' rule. Therefore, this appeal must be dismissed.
In their motion for dismissal, plaintiffs have sought attorney fees as damages for frivolous appeal. In order to demand damages for a frivolous appeal, an appellee must either raise the issue in an independent appeal or in an answer to appellant's appeal, filed within fifteen days of the return date or lodging of the record, whichever is later. LSA-C.C.P. art. 2133; Young v. Warner, 283 So.2d 547 (La.App. 1st Cir. 1973). In the instant case, however, plaintiffs have not answered the appeal or filed an independent appeal. They have merely made their demand for damages in their motion for dismissal, which was filed well over fifteen days after the lodging of the record on appeal. Therefore, this claim is not properly before this court and will not be considered.
For the foregoing reasons, the motion to dismiss is granted and the case is remanded. All costs of these proceedings are to be paid by plaintiffs-appellants.
DISMISSED AND REMANDED.