SHORTESS, Judge.
Frank Mooney Nalty (plaintiff) and his son Frank Mooney Nalty, Jr., sued Zebulon White and Company, Inc. (defendant). They obtained a rule to show cause why defendant should not be compelled to produce and provide to them certain papers which were made during a timber survey of holdings owned by plaintiff and his siblings, Joy Nalty Hodges, Paul A. Nalty and Donald J. Nalty, who were the partners of Nalty Tree Farms. Said suit also sought damages which they alleged were caused as a direct result of defendant’s failure and refusal to provide the papers.
The trial court, after a hearing on the rule, made it absolute and ordered defendant to produce the papers and work notes within 15 days of July 18, 1983. On August 3, 1983, defendant filed an exception of no right of action wherein it contested plaintiff’s right to bring this suit because under LSA-C.C.P. art. 688, the partnership was the proper party to bring an action for the papers and for alleged damages. The trial judge, with written reasons, overruled the exception of no right of action. We quote from said written reasons as follows:
[I]t should be noted that the implicit aim motivating plaintiffs in the present litigation is their desire to protect their ownership interest in the proposed division of the land in question. Consequently, to further this aim, it is undoubtedly in the best interests of the plaintiffs, as individual owners protecting their individual interests, to gain access to the cruise reports since they are the body of information upon which defendant based the proposed division. In this respect, plaintiffs are clearly acting on behalf of themselves as individuals, as (sic) not as members of any partnership. A review of the testimony rendered during the rule to show cause reveals that the plaintiffs have a reasonable basis for seeking to protect their interests individually and for not trusting the partnership to do so for them. For example, in his memo to members of the Nalty Tree Farm partnership on January 29, 1982, in which he sets forth the proposed division of the farm’s property, Mr. Zebulon White concluded on page eleven, by stating: “The Pomeroy and McGowin cruise for each forty acres and for each section is available if needed to check these shares and then will be provided to each new owner.” However, when the elder Mr. Nalty, plaintiff in this suit, requested to see the detailed forty-acre tallies, Mr. White testified that at first he agreed to Mr. Nalty’s request, but then checked with the attorney for the Tree Farm and the other three partners, who each told him not to give the tallies to Mr. Nalty, but rather to turn the materials over to them instead (pages 9-10 of the rule transcript).
Therefore, it is apparent that the plaintiffs have a legal basis on which to prosecute this suit individually, as there is a clear implication, if not indication, in Mr. *222 White’s testimony that the other three partners were acting in a manner contrary to the best interests of the plaintiffs. As a result, plaintiffs filed the instant suit, and since the rights they seek to protect and the claims they seek to assert are their own individual rights and claims, and not those of the partnership, the case at bar does not fall within the prohibition inherent either in LSA-C. C.P. 688 or in the case law cited by the defendant. Therefore, defendant’s “Peremptory Exception Pleading No Right of Action” should be denied.
Defendant brings this appeal. However, an appeal can be taken from an interlocutory judgment only when the appellant can show irreparable harm. The standard for determining irreparable harm is whether any error in the judgment may be corrected as a practical matter by an appeal following the determination on the merits. Cheramie v. Vegas, 413 So.2d 1343 (La.App. 1st Cir.1982); Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
Our examination of the testimony from the hearing on the rule to show cause and documentary evidence introduced in connection therewith indicates that defendant’s contract was with the individual partners; that in return for a fee of $10,000.00 defendant was to make a timber inventory of the partnership’s timber holdings; that defendant retained Palmeroy and McGowen (P & M) to make the actual inventory; that defendant did the supervision and analysis of the P & M field work; that his fee was billed to the partnership; that P & M made the actual cruise of the land and provided defendant with a complete report; that P & M’s field notes and tally sheets are quite voluminous and about three feet thick; that the purpose of this inventory was to help effectuate a division of Nalty Tree Farms; that it was envisioned that upon completion and approval by the individual partners, the holdings would be divided into four parts and each partner would draw his quarter share by lot; that on January 29, 1982, White wrote to the four partners and summarized the P & M cruise and advised in his last paragraph that “the cruise is available if necessary in order to check the shares”; that attached to said letter were summaries of the P & M tally sheets; that sometime later in May, 1983, plaintiff asked for the P & M field notes but White, after consulting with Paul Nalty (partner and attorney for the partnership), declined to make them available to plaintiff; and that at Paul Nalty’s suggestion White shipped the records to his law offices in New Orleans.
Plaintiff testified that he wanted the tally sheets to check the accuracy of the cruise and also to put the results on his computer. He felt that the summaries as given him by defendant were not accurate. Paul Nalty testified that the work done by defendant was for the partnership and that plaintiff had no authority to act on behalf of the partnership. He admitted he told defendant that the records belonged to the partnership and requested defendant to deliver them to him because he felt the purpose for which plaintiff requested the records would be counter-productive to him and the other two partners.
We find that defendant has made no showing of irreparable harm, and we cannot say that the trial court’s ruling was arguably incorrect. There was a dispute of fact as to whether defendant’s contract was with the four individuals or their partnership which the trial court resolved adversely to defendant. It was not clearly wrong in so doing.
For the reasons stated, this appeal dismissed at defendant’s costs.
DISMISSED.
EDWARDS, J., concurs and assigns reasons.