**THE ESTATE OF RALPH A. GEORGE, DECEASED, Appellant**

**v.**

**FLORETTA J. GEORGE, Appellee**

S. Ct. Civ. No. 2007-124

Supreme Court of the Virgin Islands

September 5, 2008

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## MEMORANDUM OPINION

(September 5, 2008)

PER CURIAM. Appellant, the Estate of Ralph A. George (hereafter "the Estate"), appeals the October 25, 2007 Superior Court order denying its Motion for Declaratory Judgment Against Floretta J. George. The Estate

269

asks this Court to hold that the probate court lacked the authority to grant Appellee, Floretta J. George (hereafter "Mrs. George" or "the widow"), spousal support and rent-free possession of the marital home for more than one year. Mrs. George, on the other hand, argues that this appeal is a "back door attempt to appeal Orders that [the Estate] not only honored but did nothing to contest until seven years after they were entered." (Appellee's Br. 9.) In essence, she contends that this is an improper interlocutory appeal. For the reasons which follow, we will dismiss this appeal for lack of jurisdiction.

## I. BACKGROUND

On October 21, 1999, Ralph A. George (hereafter "the decedent") died intestate. The probate court subsequently denied his widow's petition to be named administratrix, appointing instead the decedent's son, Lawrence George (hereafter "the Administrator"). Soon thereafter, Mrs. George moved the probate court for spousal support for a one-year period; the court denied her motion, on August 16, 2000, because the Administrator had not yet filed an inventory. Subsequently, in an order dated September 11, 2000, the court granted Mrs. George's motion seeking to continue her rent-free occupation of the marital home.

After a hearing on spousal support, the probate court ordered the Administrator, in a February 5, 2001 order (hereafter "the support order"), to pay Mrs. George $700.00 per month as spousal support. On March 21, 2001, Mrs. George filed her Petition for Homestead and Personal Property Allowance. Four months later, the Estate moved for leave to file a response out of time. Without ruling on the Estate's motion or holding a hearing, the court issued its October 11, 2001 order (hereafter "the homestead order") granting Mrs. George "possession of the homestead, all wearing apparel and household furniture . . . until resolution of the above referenced estate." (Order of Oct. 11, 2001, at 1.)

Mrs. George continued to live in the home and receive spousal support until the Administrator, purportedly realizing a mistake had been made, sent her attorney a letter dated June 2, 2003, informing her that the spousal payments had exceeded the one-year statutory period and would cease immediately. The letter also stated the Administrator's intent to deduct $11,200.00 in overpayments from her share of the estate when it reached final adjudication. Between the date of the letter and June 2007, no spousal support payments were made to Mrs. George, nor did she

request that they be resumed. She did, however, continue to live in the home rent-free during this period.

In June 2007, the Administrator notified Mrs. George that he would exercise the Estate's option to collect rent in the amount of $750.00 per month. Shortly thereafter, the Administrator filed its June 20, 2007 Motion for Declaratory Judgment Against Floretta J. George in which he requested that: the court limit Mrs. George's rights to spousal support and rent-free possession of the home to one year, order that she repay the $11,200.00 in support overpayments upon closure of the estate, and order her to begin paying rent for her continued inhabitance of the home. On August 29, 2007, Mrs. George requested a hearing on the motion but did not file a response within the ten-day time limit. Thereafter, on September 5, 2007, the Estate moved to have its motion deemed conceded, but this motion was never ruled upon. On September 13, 2007, Mrs. George moved for an extension of time within which to respond to the declaratory judgment motion. The court granted her a thirty-day extension before the time had expired for the Estate to file an opposition. The Estate nevertheless filed its opposition, and the court subsequently denied it.

Mrs. George's opposition to the Estate's declaratory judgment motion was filed on October 15, 2007. Before expiration of the Estate's time to file a reply to her opposition, the probate court ruled that it had the authority to order spousal support for the "duration of an estate's administration," not just for a one-year period. (Order of Oct. 24, 2007, at 1.) The court additionally ordered the Administrator to pay Mrs. George back-support in the amount of $37,700.00, to continue the $700.00 monthly spousal support payments until the estate is closed, and to cease attempting to collect rent. The Estate subsequently filed its reply to Mrs. George's opposition on the same day the court's order was entered.

On November 2, 2007, the Estate moved to vacate the probate court's order and for reconsideration of its motion for spousal support and rent. Mrs. George filed a response on November 15, 2007. It appears, however, that this motion was never ruled upon.

The Estate's Notice of Appeal was filed on November 19, 2007.

## II. DISCUSSION

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court."

271

V.I. CODE ANN. tit. 4 § 32(a). Because the order appealed from was entered on October 25, 2007 and the Estate's Notice of Appeal was filed on November 19, 2007, this appeal, if from a final order, would be timely.. *See* V.I. S. CT. R. 5(a)(1) ("the notice of appeal required by Rule 4 shall be filed with the Clerk of the Superior Court within thirty days after the date of entry of the judgment or order appealed from . . ."). The vital issue before us, however, is whether this is an appeal from an interlocutory order. If we find that it is, this Court lacks jurisdiction and may not reach the merits of this case.

■ According to Supreme Court Rule 5(a)(2), "[t]o be appealable as of right, an order of the Superior Court must either be final or must be classified within the categories of interlocutory orders specified in 4 V.I.C. Sections 33(b) and (c)." V.I. S. CT. R. 5(a)(2). Sections 33(b) and (c) of title 4 of the Virgin Islands Code state:

> (b) Interlocutory review-civil. The Supreme Court of the Virgin Islands has jurisdiction of appeals from:
>
>> (1) Interlocutory orders of the Superior Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions;
>>
>> (2) Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;
>
> (c) Whenever the Superior Court judge, in making a civil action or order not otherwise appealable under this section, is of the opinion that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation, the judge shall so state in the order. The Supreme Court of the Virgin Islands may thereupon, in its discretion, permit an appeal to be taken from the order, if application is made to it within ten days after the entry of the order; except that application for an appeal hereunder may not stay proceedings, in the Superior Court unless the Superior Court judge or the Supreme Court or a justice thereof orders a stay of the proceedings.

4 V.I.C. § 33(b)-(c). The order denying the Estate's motion for declaratory judgment does not correspond to one of the categories of bona fide inter-

locutory appeals established by title 4, section 33(b) or (c) of the Virgin Islands Code.

 This Court previously explained the significance of the finality requirement in *Enrietto v. Rogers Townsend & Thomas PC*, 49 V.I. 311, 315 (V.I. 2007):

> This finality requirement, commonly referred to as the final judgment rule, means that " 'a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits.' " *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 429-430, 105 S. Ct. 2757, 2760, 86 L. Ed. 2d 340 (1985) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S. Ct. 669, 673, 66 L. Ed. 2d 571 (1981)). The final judgment rule promotes efficient judicial adminis-tration and emphasizes the deference appellate courts owe to trial court decisions on the many questions of law and fact that arise before judg-ment. 472 U.S. at 430, 105 S. Ct. at 2760. Another purpose of the rule is to "avoid the delay that inherently accompanies time-consuming interlocutory appeals." 472 U.S. at 434, 105 S. Ct. at 2762. "Immediate review of every trial court ruling, while permitting more prompt cor-rection of erroneous decisions, would impose unreasonable disrup-tion, delay, and expense. It would also undermine the ability of [trial court] judges to supervise litigation." 472 U.S. at 430, 105 S. Ct. at 2760. The rule, therefore, is intended to delay immediate review of many interlocutory trial court decisions and avoid " 'piecemeal ap-pellate review of trial court decisions which do not terminate the liti-gation.' " 472 U.S. at 430, 105 S. Ct. at 2761 (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265, 102 S. Ct 3081, 3082, 73 L. Ed. 2d 754 (1982)).

 The Virgin Islands declaratory judgment statute provides that declaratory judgments "shall have the force and effect of a final judgment or decree." 5 V.I.C. § 1261.[1] Nevertheless, an interlocutory order denying declaratory judgment is generally not appealable. *See McBean v.*

---

[1] Title 5, section 1261 of the Virgin Islands Code provides in full:

Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judg-ment or decree is prayed for. The declaration may either be affirmative or negative in

*Guardian Ins. Agency*, 40 V.I. 205, 52 F. Supp. 2d 518, 522 (D. V.I. App. Div. 1999); *see also Jackson v. Christian Salveson Holdings, Inc.*, 914 S.W.2d 878 (Mo. Ct. App. 1996) (holding that an order denying defendants' counterclaim for declaratory judgment and their claim for reformation was not an appealable final judgment because it merely disposed of the remedies); *Petrofunds, Inc. v. Gulf Coast Producing Co.*, 345 So. 2d 958 (La. Ct. App. 1977); (holding that a judgment denying third-party defendant insurer's motion for declaratory judgment "at this time" was interlocutory in nature and not appealable as an interlocutory judgment). The general rule is that a decision is considered final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Berke v. Bloch*, 242 F.3d 131, 134 (3d Cir. 2001). Clearly, the litigation in this case had not terminated on its merits, as the administration of the estate had not reached final adjudication by the time the Estate moved for declaratory judgment.[2] Indeed, the order denying the motion for declaratory judgment orders the Estate to continue paying spousal support "until this Estate is closed" and the Administrator to "file a Final Accounting within 30 days." (Order of Oct. 24, 2007, at 1.)

 Furthermore, the Estate's request for declaratory judgment was improperly brought in the form of a motion. According to title 5, section 1271 of the Virgin Islands Code, the Virgin Islands declaratory judgment statute should be "harmonize[d], as far as possible, with federal laws and regulations on the subject of declaratory judgments and decrees." 5 V.I.C. § 1272. In federal courts, an action for a declaratory judgment "is regarded as an ordinary civil *action*, as [Federal] Rule [of Civil Procedure] 57 clearly intends." 10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, *Federal Practice & Procedure* § 2768 (1998) (emphasis added). "Consequently, the action is commenced by filing a complaint with the clerk . . . ." *Id.*; *see also* 26 C.J.S. *Declaratory Judgments* § 108 (2008) ("An action for declaratory judgment is a civil action, having the character of a special proceeding, created by statute."). Because the Estate merely filed a motion for declaratory judgment under the existing probate action, the order denying the motion does not have

---

form and effect; and such declarations shall have the force and effect of a final judgment or decree.

[2] In fact, the administration of the estate remained open at the time the Court heard oral arguments in this matter.

sufficient finality to be appealable to this Court. *See Aluminum Co. of America v. Beazer East, Inc.*, 124 F.3d 551, 558 (3d Cir. 1997) ("A [trial] court judgment granting or denying declaratory judgments in an action *seeking only declaratory relief* is a final order . . . ." (emphasis added)). In the case *sub judice*, the motion for declaratory relief sought to resolve only limited issues of temporary spousal support and homestead occupancy within the pending probate action.

Accordingly, we agree with Mrs. George's contention that the Estate's appeal from the denial of declaratory judgment is an attempt to appeal the support and homestead orders entered by the probate court nearly seven years ago. Notably, the Estate fails to make any reference to the Virgin Islands declaratory judgment statute or the criteria for granting such relief. *See* 5 V.I.C. §§ 1261-1272.

## III. CONCLUSION

Because the trial court's denial of a motion for declaratory judgment in an unresolved probate case is neither an immediately appealable interlocutory order nor a final order, this Court lacks jurisdiction to hear this appeal. Accordingly, the Estate's appeal from the order denying its motion for declaratory judgment is dismissed.