194 So.2d 452 (1966)
STATE of Louisiana ex rel. Phil TRICE
v.
Hon. C. A. BARNETT, Judge, Nineteenth Judicial District Court.
No. 6820.
Court of Appeal of Louisiana, First Circuit.
November 21, 1966.
Rehearing Denied December 28, 1966.
Writ Refused February 23, 1967.
*453 Simon, Trice & Mouton, Lafayette, for applicant.
Frank M. Coates, Jr., of Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for respondent.
Before LANDRY, ELLIS and BAILES, JJ.
BAILES, Judge.
This matter is before the court on a writ of certiorari issued to the Honorable C. A. Barnett, Judge of the Nineteenth Judicial District Court, Parish of East Baton Rouge. The writ was issued in conjunction with the suit of Phil Trice versus James W. Reddoch et al., Number 110,036, Division B, 19th Judicial District Court.
Plaintiff brought suit on behalf of himself and his unemancipated minor son against James W. Reddoch, Dean of Student Services at Louisiana State University, and C. R. Anderson, Chief of Campus Security on the university campus, to enjoin them from preventing plaintiff's son from operating an automobile on the streets of the Louisiana State University Campus, and to prohibit the defendants from levying and compelling payment of monetary fines for traffic violations, and from requiring students to pay any more than one dollar a year for the privilege of operating an automobile on campus.
The background facts are these:
Upon entering the university, petitioner's son registered his car, paid a ten dollar fee to the university bursar, and had a windshield sticker affixed to his car. The second night his son was on the campus, hurricane winds broke his windshield making it necessary for him to return the car to a Lafayette garage to obtain a replacement. It was necessary to leave this car at the garage so the young man took one of the family automobiles back to the campus. Within the next three days, he received three tickets because the family car had not been registered with the campus security and did not have a windshield sticker attached to it. Shortly thereafter, plaintiff's son drove the family car back to Lafayette and picked up his personal car but the windshield sticker had not been placed in the car as he had directed the mechanic to do. Before he could drive back to Lafayette to pick up the broken windshield with the sticker attached, he received another ticket on his car because it was not registered with the campus security. On November 3, plaintiff's son, after indicating to the campus security that all of the above tickets had been issued to him, was fined $18.00 and was banned from using an automobile on the campus for four and a half months. On November 5, plaintiff wrote the campus security explaining the circumstances under which his son temporarily had the family car on the campus rather than his own car which was registered with the LSU authorities, and received an answer from Dean Reddoch explaining the regulations and the course that plaintiff's son should have taken.
When this matter came before the district court on December 9, 1965, Judge Barnett denied plaintiff's application for a preliminary writ of injunction.
Subsequent to filing the original petition, plaintiff filed seven interrogatories directed to the defendants. Defendants objected on the ground that the information sought in these interrogatories would have no relevancy or materiality to the suit and also filed a motion for summary judgment.
The District Court sustained the objections to the interrogatories but denied the motion for summary judgment.
Subsequently, plaintiff propounded twenty-two additional interrogatories to the defendants. *454 Defendants again objected to the interrogatories on the grounds that they are not relevant or material to any of the issues raised by the pleadings. The District Court sustained some of the objections to these interrogatories, while overruling objections to other interrogatories.
Plaintiff applied to this court for writs on the grounds that the District Court abused its discretion in maintaining defendants' objections to the interrogatories. He alleges that the court erred in maintaining objections to interrogatories relating to members of the class sought to be represented by relator and particularly in maintaining defendants' objections to these interrogatories, after ordering the defendants to answer other interrogatories seeking to ascertain whether this information would be readily available.
This court granted a writ of certiorari and ordered the defendants to show cause, by briefs, why the relief prayed for in plaintiff's petition should not be granted.
Plaintiff, in his original petition, stated that other students have suffered similar injustices under this regulation and alleged that the District Court erred in maintaining the objections to interrogatories relating to the identities of other members of a class sought to be represented by plaintiff. This court feels that this would not be a proper class action since there is no community of interest between plaintiff and students of the university. Article 591 of the Code of Civil Procedure provides that a class action may only be instituted when the character of the right sought to be enforced by the members of the class is common to all the members of the class. Even though the pleadings may assert a class action, if the individual question is dominant, while the common question is subservient, the court is free to strike the reference to the representation of absent persons from the pleadings. See Federal Practice and Procedure, Barron and Holtzoff, Volume 2, Section 562, page 265.
Furthermore, LSA-C.C.P. Article 592 provides that "One or more members of a class, who will fairly insure the adequate representation of all members, may sue or be sued in a class action on behalf of all members." While there is no set percentage who must join as plaintiffs, to assure adequate representation, it is pertinent to consider whether other members of the class have notice of the pendency of the action and its representative character, whether they desire or acquiesce in the representation, and whether the number of parties is sufficient as compared to the numerical size of the class. Pelelas v. Caterpillar Tractor Co. (7 Cir., 1940) 113 F.2d 629, Knowles v. War Damage Corp. (1948) 83 U.S.App.D.C. 388, 171 F.2d 15, and Waybright v. Columbian Mutual Life Insurance Co. (D.C., 1939) 30 F.Supp. 885. We do not believe that plaintiff, appearing in proper person, can insure the adequate representation of all the members of so large a class. While there is no set percentage, we do not feel that a ratio of 1 to 7500 is adequate representation.
Turning now to the question of the sustaining of the objections to the interrogatories. It is our opinion that Interrogatories number 1, 2, and 3 inquiring into the number of traffic citations issued to students since September 1, 1965, the classification of these tickets, and the percentage which have been cancelled as well as Interrogatories number 6, 7, and 10 which require information as to the number of orders banning automobiles from the campus and the number of such orders which have been issued to non-students and students are unduly burdensome. The request for the names and adresses and class schedules of the first fifty students involved in such orders between the period of September 1, and December 1, 1965, found in Interrogatories number 13, 14, and 17, is likewise unduly burdensome. Interrogatories number 18 and 20 requiring the names and addresses of each person who has appealed campus citations, the outcomes of these appeals, the *455 names of the persons hearing the appeal, the names of the persons administering the oaths at the appeal and the percentage of appeals which have resulted in reversal or amendment would necessitate a great deal of research on the part of the campus officials and would require an unreasonable search through their records. LSA-C.C.P. Article 1491 is to be read in conjunction with LSA-C.C.P. Article 1452. The latter article provides that the court may protect a party or witness from annoyance, embarrassment, oppression, or undue expense. It is our belief that it is unreasonable to expect the defendant to provide information dealing with the number of traffic citations, number of appeals, outcomes of these appeals, number of automobiles banned from campus and the names, addresses and class schedules of those students involved in these incidents over a period of six months. When it is considered that the defendants deal with approximately 7,500 drivers at the state university, it can be assumed that the number of traffic citations, etc. would be great. The defendants will not be required to check their records, if any they have, to obtain various numbers and percentages requested by the plaintiff. See Dawson v. Lindsey (La.App., 1962) 143 So.2d 150 and cases cited therein.
Interrogatories may inquire into any matter which is not privileged and which is relevant to the subject matter involved in the pending action. See LSA-C.C.P. Articles 1491 and 1436. The interrogatories need not be limited to the specific issue involved in the suit, but must be germane to the subject matter involved. See Triangle Mfg. Company v. Paramount (D.C., 1964) 35 F.R.D. 540, Transmirra Products Corp. v. Monsanto Chemical Co. (D.C., 1960) 26 F.R.D. 572, United States v. Nysco Laboratories, Inc. (D.C., 1960) 26 F.R.D. 159, and Dimenco v. Pennsylvania Railroad Co. (D.C., 1956) 19 F.R.D. 499, and see 27 C.J.S. Discovery § 34, pages 109 and 113, and § 57, pages 176-177. The questions involved in the case at bar are the validity of the traffic rules and regulations being questioned by the plaintiff and the particular offenses involving plaintiff's minor son. We do not believe that information concerning the number of appeals, the number of automobiles banned from the campus, or the names of students involved in these incidents is germane to the issues in this suit. We fail to see how this information, if supplied to the plaintiff, would lead to the discovery of any admissible evidence in this suit. These interrogatories deal with the discovery of evidence to be used in a class action and it has already been determined that a class action is not the proper procedure in this instance and that only an individual action is involved. Therefore, we feel that none of the interrogatories bear any relevancy to the subject matter of this suit nor do they tend to lead to the discovery of any admissible evidence. Specifically, we would point out that Interrogatories 11, 12, 15, and 16 which inquire into the existence of lists and into the amount of time which would be required to compile lists, need not be answered since these lists would not be relevant to the subject matter even if they did exist. In like manner Interrogatory 22 which asks if the defendant would make certain records available to the plaintiff to compile lists need not be answered since these records and the lists to be compiled from them would not be relevant to the subject matter and would not tend to lead to the discovery of admissible evidence.
We have come to the conclusion that the writ of certiorari was erroneously and improvidently issued and should be recalled.
Therefore it is ordered that the writ of certiorari issued by this court be recalled and vacated; and the case be remanded by the lower court for trial on the merits; costs of these writs to be borne by the applicant.
Writ recalled and case remanded.