ON MOTION TO DISMISS APPEAL
LANDRY, Judge.
This appeal by plaintiff, Lula Jackson Stull, is from the judgment of the trial court relieving defendant, Rosenfield’s House of Fashion, Inc., from the obligation of answering certain interrogatories propounded by plaintiff incident to said plaintiff’s action against defendant for damages for personal injuries. The accident sued upon allegedly occurred because of a malfunctioning escalator operated by defendant upon its premises.
Defendant has moved the dismissal of plaintiff’s appeal on the ground the judgment in question is interlocutory, does not inflict irreparable damage upon appellant and is, therefore, unappealable. We find the motion to dismiss well taken.
The facts pertinent upon this appeal are undisputed. The scope of this present appeal is solely a question of law, namely, whether the judgment herein sought to be appealed is an appealable decree under the laws and jurisprudence of this state.
After instituting suit against defendant, plaintiff propounded certain interrogatories to several of which defendant interposed objections. Plaintiff then obtained a rule nisi commanding defendant to show cause why all of the interrogatories should not be answered. Upon trial of the rule the lower court ordered defendant to respond to all queries excepting numbers 24, 25 and 26. Appellant maintains simply that all questions should be answered.
Appellant concedes the order in question is interlocutory but argues it results in irreparable injury and is consequently ap-pealable.
The interrogatories which the trial court declined to order defendant to answer are as follows:
“24. Have any persons fallen or slipped while using this escalator between May 13, 1966 and May 13, 1968, both dates inclusive, and if so, please state for each occasion.
a. the name and address of the person who fell or slipped;
b. the date on which this person fell or slipped;
c. the cause of his falling or slipping;
d. the action taken by Rosenfield’s House of Fashion, Inc. to eliminate the cause of the falling or slipping and the date or dates of this action.
“25. Between May 13, 1966, and May 13, 1968, both dates inclusive, have there been any instances of this escalator’s jerking backwards and/or forwards.
*162 “26. If the answer to the foregoing interrogatory is in the affirmative, please state for each occurrence
a. the date thereof;
b. the cause thereof;
c. the action taken by Rosenfield’s House of Fashion, Inc. to eliminate the cause of the jerking, and the dates of this action;
d. the name and address of each person who has knowledge of the jerking.”
LSA-C.C.P. Article 2083 provides in effect that an appeal may be taken from either (1) a final judgment or (2) an interlocutory judgment which causes irreparable injury.
Also pertinent to the present inquiry are the provisions of LSA-C.C.P. Article 1841, which states:
“Article 1841:
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.”
In view of the above, the judgment at issue is clearly interlocutory as it does not decide the merits of this controversy either in whole or in part.
We fail to see wherein irreparable injury may result herein because of the failure of the trial court to order defendant to respond to the hereinabove quoted interrogatories. Assuming the trial court’s action in this regard to be in error, it is a matter that may be corrected either by invocation of our supervisory jurisdiction or by appeal following trial on the merits of plaintiff’s cause.
In support of her contention that the decree involved herein is appealable at this stage of these proceedings, plaintiff cites and relies upon State ex rel. Trice v. Barnett, 194 So.2d 452; Barnett v. Barnett Enterprises, Inc., 182 So.2d 728; Grant v. Touro Infirmary, 169 So.2d 574, and Gaudet v. Lawes, 166 So.2d 337.
We find all of the authorities relied upon by appellant clearly distinguishable from the case at bar. Grant v. Touro, supra, involved an appeal from a final judgment on the merits, namely, one sustaining defendant’s motion for summary judgment and dismissing plaintiff’s suit. On appeal the reviewing court concluded the trial court should have ordered certain interrogatories answered by defendant as defendant’s response may have enabled plaintiff-appellant to successfully oppose defendant’s motion for summary judgment. On this finding the judgment in defendant’s favor was reversed and the case remanded.
In all of the remaining authorities cited by appellant, judgments relating to interrogatories were brought to the attention of the appellate court by timely and proper application for writs of certiorari and review. Plaintiff did not choose to invoke our supervisory jurisdiction but elected to appeal.
In Anderson v. Southern Consumers Education Foundation, Inc., 196 So.2d 686, it was held, and we think rightly so, that a judgment ordering a party to answer interrogatories is interlocutory and not appeala-ble. We think the rule equally applicable to an order or judgment declining to direct a litigant to answer interrogatories.
Since the judgment herein concerned is neither a final judgment nor an interlocutory decree resulting in irreparable injury, it is nonappealable.
Accordingly, defendant’s motion to dismiss this appeal is granted.
Appeal dismissed.