ON MOTION TO DISMISS
LeSUEUR, Judge.
As part of his response to Mrs. Gardes’ suit for separation, alimony and child support, the defendant sought an order requiring that she inventory, account for, and deliver to him all community assets in her possession and requiring, further, that she permit an examination and audit of all records and books of account in her possession. The trial court refused the order and after certiorari was denied, defendant appealed devolutively.
The plaintiff has moved to dismiss the appeal pursuant to the provisions of LSA-C.C.P. Art. 2083, which, in substance, limits appellate recourse to final judgments, at least as a general proposition.
The defendant’s principal objection to the motion to dismiss lies in the fact it was not filed within three (3) judicial days after lodging. See LSA-C.C.P. Art. 2161. That limit, however, is, by its terms, restricted to motions predicated upon “irregularity, error, or defect imputable to the appellant.” It does not, we hold, extend to the question at bar which is, in its essence, jurisdictional.
The judgment appealed from is clearly interlocutory and has no effect on the merits of the dissolution of the community. See LSA-C.C.P. Art. 2083. Should the order prejudice the defendant when the question of partition is heard and adjudicated, appellate relief would remain available.
More importantly, the defendant has made no showing of irreparable injury. Indeed, it seems clear that he has at his command an adequate remedy at law, inasmuch as the usual inventory procedures are specifically structured to protect community assets from the contingencies which he fears.
Motion granted; appeal dismissed.