CHASEZ, Judge.
This is a motion to dismiss an appeal filed by plaintiff-appellee, Lucien S. Bonck, on the grounds that the appeal is being taken from an interlocutory judgment of the trial court ordering that certain interrogatories propounded to the defendant be answered, and further that no irreparable injury would result from this order.
The facts are that plaintiff filed an action for the return of a subscription fee in the sum of $1,000 from The Plimsoll Club, Inc., to which he alleged he was entitled upon his resignation as a charter member. *311 Plaintiff resigned his membership on April 2, 1970, and his resignation was acknowledged by the defendant on April 8, 1970.
The defendant club has not returned the subscription fee to the plaintiff though acknowledging his resignation and contends that plaintiff is not entitled to its return as provided under the Articles of Incorporation of The Plimsoll Club for the reason that the conditions relative to the return of the amount have not been satisfied in full. Defendant contends that the charter membership of plaintiff must be transferred to a new charter member on a “first in first to be transferred” [1] basis.
Apparently, defendant’s contention is that no new charter members or not a sufficient number of new charter members have been admitted which would enable Bonck’s membership to be transferred as provided in the said Articles.
The issue giving rise to this appeal and the motion to dismiss is that plaintiff seeks to obtain by interrogatories from the defendant the names of those persons serving on the Board of Directors during 1970, the members of the membership committee in 1970, as well as the names of the persons who tendered their resignation during that period of time and those persons whose resignations were accepted, the dates of said acceptances and the names of those resigned members who received the return of their subscription fee.
Plaintiff additionally seeks the effective date of his resignation according to The Plimsoll Club’s records and the total number of charter members of the club. Further, he seeks to be furnished the name of the club’s Treasurer in 1970 and the names of those persons who sought membership during that year and those persons who were refused membership during the same period. He also seeks to obtain the names of the membership that have been returned since the inception of The Plimsoll Club.
Defendant provided plaintiff with the names of the Board of Directors and the names of the charter members who resigned in 1970 and who were returned their subscription fee; the effective date of Bonck’s resignation; the total number of charter members; and the name of the treasurer but objected to the other interrogatories. Defendant’s objections are predicated on the contention that the interrogatories propounded and the information sought therein is irrelevant to plaintiff’s claim, and that if defendant were require to answer, irreparable harm would result to the defendant club and further that the interrogatories are calculated for harassment and annoyance purposes only.
The trial court overruled the defendant’s objections and ordered that the interrogatories be answered as propounded. Defendant appeals from said judgment. Plaintiff filed the motion to dismiss the appeal now pending.
It is conceded that the order of the trial court is an interlocutory one and hence there can be no appeal from such an order or judgment unless the appellant or relator is able to show that irreparable injury would result. See C.C.P. 1841; C.C. P. 2083; Stevens v. Patterson Menhaden *312 Corporation, 191 So.2d 692 (La.App. 1st Cir. 1966); Matte v. Continental Casualty Company; 185 So.2d 842 (La.App. 3rd Cir. 1966); In re Canal Bank & Trust Co., 216 La. 410, 43 So.2d 777 (1949).
Our initial concern is whether the error complained of is properly a matter to be considered by appeal or by application to this court for supervisory writs.
In the case of Advertiser, Division of Independent, Inc. v. Tubbs, 199 So.2d 426 (La.App. 3rd Cir. 1967) appellant appealed from a judgment holding him in contempt of court for failing to comply with an order compelling answers to written interrogatories propounded by plaintiff. The court therein explains our position in the case at bar. It stated that the judgment compelling answers to the interrogatories was not appealable and suggested the proper remedy in this instance:
“To impede the progress of litigation by granting an appeal whenever statutory enforcement provisions of the discovery devices are invoked seems to us a policy most unwise, for the every purpose of discovery devices is to reduce the delays inherent in the enforcement and defense of legal rights. Appellant’s remedy, an application to this court for supervisory writs, affords him speedy and ample protection against oppressive or unreasonable sanctions which may be imposed by the lower court during pretrial production of evidence.[3]
In view of the jurisprudence, it is our opinion that the proper vehicle for The Plimsoll Club, Inc. to use for review of the propriety of these interrogatories is by supervisory writs and not by appeal. Stull v. Rosenfield’s House of Fashion, 220 So.2d 160 (La.App. 1st Cir. 1969); Anderson v. Southern Consumers Education Foundation, Inc., 196 So.2d 686 (La.App. 3rd Cir. 1967).
Accordingly, the motion to dismiss the appeal is granted.
Appeal dismissed.

. Article IV of the Articles of Incorporation of Tlie Plimsoll Club, Inc., provides as follows:
“A Charter Member may discontinue his membership and surrender his certificate of membership to the Association at any time, or at his death the legal representative of his estate shall surrender said certificate to the Association which shall be obligated to refund the said Member or his estate the full amount thereof ($1,000.00) less any unpaid dues or other charges owing by the Member to the date of the surrender of his certificate of membership, or death, which reimbursement, however, shall be made solely out of the proceeds derived by the Association from the transfer of the said certificate to a new Charter Member. All such transfers and refunds shall be made on the basis of first in first to be transferred but only after the initial limited membership of five hundred has been first filled(Emphasis added.)

“3. Although there are many court of appeal cases stating that the application for supervisory writs in such a situation should be made to the Supreme Court, our Supreme Court has recently indicated that such is not the case and that the courts of appeal may properly exercise their supervisory jurisdiction in cases where the trial courts have exceeded their discretion. See Moity v. Mahfouz, 242 La. 625, 137 So.2d 514 (1961) ; Tolbert v. Thomas, 245 La. 200, 157 So.2d 737 (1963) ; see also The Work of the Louisiana Appellate Courts for the 1961-1962 Term, 23 La. L.Rev. 239, 395 (1963) ; Tate, Supervisory Powers of the Louisiana Courts of Appeal, 38 Tul.L.Rev. 429, 432 (1964).”