303 So.2d 260 (1974)
Carlos SPEARS, Plaintiff-Appellant,
v.
L. Keith MASON, Jr., M.D., et al., Defendants-Appellees.
No. 12433.
Court of Appeal of Louisiana, Second Circuit.
November 7, 1974.
Lloyd P. Champagne, Baton Rouge, Fish & Montgomery by Roy M. Fish, Springhill, for plaintiff-appellent.
Wilkinson, Carmody & Peatross by Arthur R. Carmody, Jr., Shreveport, for defendants-appellees, Sisters of Charity of the Incarnate Word and Argonaut-Southwest Ins. Co.
Mayer & Smith by Chas. L. Mayer, Shreveport, for defendants-appellees, Keith Mason Clinic and Dr. L. Keith Mason.
Before BOLIN, PRICE and HALL, JJ.
BOLIN, Judge.
Carlos Spears instituted suit against Dr. L. Keith Mason, Jr., Keith Mason Clinic and St. Paul Fire & Marine Insurance Company as their insurers; Sisters of Charity of the Incarnate Word of Louisiana, owners of T. E. Schumpert Memorial Hospital, and Argonaut-Southwest Insurance *261 Company, its insurer, alleging plaintiff contracted an infection caused by the negligence of the primary defendants following major surgery.Plaintiff moved for and obtained an ex parte order for defendant hospital to produce nine separate written instruments. The district judge signed the motion to produce and defendants objected to the court's order "for the reason that good cause has not been shown or alleged that such statistics are relevant or material to the issues formulated by the pleadings". Following a hearing on this objection the court recalled its original order and amended it so as to direct the production of minutes and reports by the hospital's infection committee only insofar as it related to plaintiff's case and the period of his hospitalization. The lower court sustained the objection to production of documents relating to other periods of time. From this ruling plaintiff filed in this court, on July 16, 1974, a petition for a writ of certiorari. On August 7, 1974, this court denied writs, holding, "On the showing made we find no abuse of discretion by the trial judge."
In addition to the application for writs, plaintiff perfected an appeal which is now before this court. Defendants filed a motion to dismiss the appeal which we find is meritorious.
An appeal may be taken either from a final judgment or from an interlocutory judgment which may cause irreparable injury. Louisiana Code of Civil Procedure Article 2083. The ruling sought to be appealed to this court is clearly interlocutory as it does not decide the merits of this controversy either in whole or in part. Louisiana Code of Civil Procedure Article 1841.
When the matter was previously before this court on plaintiff's application for writs, we held the trial judge had not abused his discretion in failing to order these defendants to produce all of the requested items. There is nothing presently before this court that would change the status of the case or in any way cause us to reach a different conclusion. We conclude no irreparable injury will result because of the failure of the trial court to order the defendants to produce the items which the court deemed unnecessary. Stull v. Rosenfield's House of Fashion, Inc., 220 So.2d 160 (La.App. 1 Cir. 1969).
For the reasons assigned the appeal is dismissed at plaintiff-appellant's cost and the case is remanded to the lower court for further proceedings.