SAMUEL, Judge.
Ex relatione the Attorney General of Louisiana, plaintiff filed this suit against Kenneth E. Pickering, Louisiana Commissioner of Financial Institutions, seeking to enjoin the defendant from requiring (as alleged) that all state chartered savings and loan associations located in the New Orle *945 ans Metropolitan area exclusively use the appraisal services of Central Appraisal Bureau, Inc. (C.A.B.). Plaintiff’s petition avers that required activity was in violation of LSA-R.S. 51:121 et seq., which prohibits monopolies and restraints of trade or commerce and provides for penalties for violation thereof.
Subsequent to the filing of the suit, plaintiff noticed the taking of the deposition of C.A.B. Defendant and C.A.B. then filed motions to quash the taking of that deposition. Following a hearing, there was judgment granting the motions to quash. Plaintiff has appealed from that judgment. Defendant has answered the appeal. In addition, this court issued an ex proprio motu rule ordering plaintiff to show cause why the appeal should not be dismissed on the apparent ground that the appeal had been taken from a nonappealable judgment, and plaintiff filed a motion to dismiss defendant’s answer to the appeal.
The matter is not now before us on the merits. At issue at this time are only our rule to show cause and plaintiff’s motion to dismiss defendant’s answer.
Our concern regarding the nonappealability of the judgment appealed from was based on the fact that the judgment is interlocutory, for the reason that it does not determine the merits but only preliminary matters in the course of the action,[1] and as such may be appealed from only if it may cause irreparable injury.[2] On its face the trial court judgment apparently would not cause such irreparable injury as would result in it becoming an appealable judgment.[3]
We now find we were in error in applying the general rule regarding appealable judgments to this case which comes under the sui generis statutory law relative to monopolies and restraints of trade or commerce contained in LSA-R.S. 51:121 et seq. A section of that statutory law, LSA-R.S. 51:135, provides:
“All interlocutory judgments in the cases affected by this Part, and not otherwise provided for, shall be appealable within five days and shall be heard and determined within twenty days after appeal is lodged, and any interlocutory judgments not appealed, except those rendered during the progress of the trial, shall be final, and shall not be reopened on final appeal. Such appeals shall be on the original papers, on the order of the district judge, if a transcript cannot be prepared in time.”
Generally, the usual appeal not coming under the statute in suit brings to the appellate court the whole case or any part thereof which the appellant desires to have reviewed. Thus, interlocutory judgments are before the appellate court in the usual appeal, and errors in such judgments can be corrected following a hearing on the merits of the appeal. That is the basic reason why interlocutory judgments are not appealable unless they may cause irreparable injury. This reasoning does not apply in the instant case which is controlled by the above quoted LSA-R.S. 51:135. Under that section all interlocutory judgments are ap-pealable unless “otherwise provided for” in the statute and in the absence of such an appeal all interlocutory judgments become final and “shall not be reopened on final appeal”. We do not find that discovery is “otherwise provided for”. Thus, our conclusion must be that the interlocutory judgment herein appealed from, although dealing only with discovery, need not cause irreparable injury in order to be appealable. It is appealable, regardless of the presence or absence of possible irreparable injury. *946 Indeed, the appeal provided for in LSA-R.S. 51:135 is not only permitted, it is an absolute necessity on the part of plaintiff because the judgment appealed from becomes final in the absence of an appeal. We therefore conclude that the appeal cannot be dismissed.
We now address ourselves to plaintiffs motion to dismiss the defendant’s answer to the appeal. The answer seeks to have the judgment appealed from modified or revised so as to: permanently enjoin the plaintiff from taking the deposition of C.A.B.; restrain the plaintiff from taking testimony irrelevant to this case; set forth conditions, qualifications and limitations on any further requested deposition; grant an appropriate protective order; and, in the alternative event that there should be another deposition scheduled in the future, state that such further order should name the individual whose testimony plaintiff proposes to take. Finally, the answer seeks dismissal of plaintiff’s suit “inasmuch as the Court now has the entire record before it”.
An answer to an appeal is equivalent to an appeal, the only material difference being the fact that an answer to an appeal must state the relief demanded[4] whereas, as we have said, the usual appeal brings up for review all or any portion of the judgment appealed from which the appellant desires to have reviewed.
Code of Civil Procedure Article 2133 specifically permits the appellee, by answer to the appeal, to seek to have the judgment appealed from “modified, revised, or reversed in part”. It is clear that, with the exception of the request for a dismissal of plaintiff’s suit, all of the matters complained of in the answer are concerned with seeking modification or revision of the judgment appealed from. These are properly before this court by way of. the answer and, as to them, the answer cannot be dismissed. The result is just the opposite regarding that portion of the defendant’s answer which seeks dismissal of plaintiff’s suit. There is no trial court judgment which either dismissed the suit or refused to dismiss the suit. Thus, the answer contains no basis for dismissing the suit; as to dismissal, there is nothing for this court to review either by way of appeal or answer thereto.
For the reasons assigned, it is ordered that the ex proprio motu rule issued by this court ordering the plaintiff to show cause why the appeal should not be dismissed be recalled and rescinded. It is further ordered that plaintiff’s motion to dismiss defendant’s answer be maintained only as to that portion which seeks dismissal of plaintiff’s suit, which portion is dismissed. In all other respects the motion to dismiss defendant’s answer is denied.
EX PROPRIO MOTU ORDER RECALLED AND RESCINDED; MOTION TO DISMISS ANSWER MAINTAINED IN PART.

. LSA-C.C.P. Art. 1841.

. LSA-C.C.P. Art. 2083.

. See Succession of Burgess, La.App., 323 So.2d 914; Spears v. Mason, La.App., 303 So.2d 260; Gardes v. Gardes, La.App., 240 So.2d 565; Stull v. Rosenfieid’s House of Fashion, Inc., La.App., 220 So.2d 160. We note there is a difference in the finality of the judgment where the party from whom discovery is sought is not a party litigant, in which event the judgment is a final judgment as to him. See R. J. Gallagher Company v. Lent, Inc., La.App., 361 So.2d 1231; Berard v. American Employers Insurance Company, La.App., 246 So.2d 686.

. LSA-C.C.P. Art. 2133.