665 So.2d 520 (1995)
STATE of Louisiana, ex rel. Richard P. IEYOUB, Attorney General
v.
BRUNSWICK BOWLING AND BILLIARDS DOVER, INC., et al.
No. 95-CA-797.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1995.
*521 Jane B. Johnson, Asst. Attorney General, La. Dept. Of Justice, Baton Rouge, for Plaintiff-Appellant.
William W. Hall, Metairie, Charles E. Hamilton, III, New Orleans, Alan H. Goodman, New Orleans, James A. Babst, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, Harry S. Hardin, III, New Orleans, for Defendants-Appellees.
Fredrick R. Bott, Deutsch, Kerrigan & Stiles, New Orleans, for Defendant-Appellee.
Before BOWES, DUFRESNE and CANNELLA, JJ.
DUFRESNE, Judge.
The trial court in this antitrust and unfair trade practices suit issued an order directing that the Louisiana Code of Civil Procedure govern discovery in the case rather than La.R.S. 13:5081, et seq., on grounds that the more recent discovery articles of the Code better serve judicial economy and expeditious handling of the case as opposed to the older, more burdensome statutory discovery provisions. The State of Louisiana, through the Attorney General, filed this expedited pretrial appeal of the order, as authorized by La.R.S. 51:135. Because we find that the provisions of La.R.S. 13:5081, et seq., remain in effect and are available to the Attorney General for discovery in this case, we vacate the order of the trial court and remand for further proceedings.
This action was commenced by the State of Louisiana, through the Attorney General by petition alleging that the named defendants have violated and continue to violate Louisiana's monopoly laws, La. R.S. 51:121, et seq., and its unfair trade practices laws, La.R.S. 51:1401, et seq. Following commencement of the action, the Attorney General moved to take testimony from the defendants under La.R.S. 13:5081, which provides:
The Attorney General, or any district attorney, acting under the direction of the former, or of the governor, shall begin any action to enforce the laws respecting monopolies, combinations or conspiracies in restraint of trade, commerce or business. The prosecuting officer either in preparation for or upon the trial of the case may take testimony of an officer, director, agent or employee of any foreign or domestic corporation, joint stock association, or of any member of any copartnership, or of any individual or individuals against whom proceedings are brought. If the person or persons whose testimony is desired, resides within or outside the state, the prosecuting officer shall file in court where the action is brought, at any time, or with any special commissioner appointed in accordance with R.S. 13:5085 by the court to take testimony, a written statement setting for the following:
(1) What the state expects to prove;
(2) The name or names and residences of the persons whose testimony he desires to take;
(3) All books, papers or documents specifically designated he desires produced;
(4) The time and place, either within or outside the state he desires the person to *522 appear and testify, or to produce the books, papers and documents.
Thereupon the judge, or the commissioner, as the case may be, before whom the testimony is being or shall be taken, shall issue immediately a notice in writing, directed to the attorney of record or to the defendant or defendants themselves in the cause, notifying said person that the testimony of the person or persons, named in the notice is desired, and requiring him to whom the notice is delivered, or served, to notify and have the witness or witnesses whose testimony or evidence it is desired to take to comply with the requirements set forth in the written statement.
If the taking of such evidence is not concluded on the day and date specificized in the notice, the court or the commissioner, as the case may be, may continue the taking of such evidence from day to day, or adjourn from day to day, at the same place, until the taking of such evidence has been concluded.
Acting on authority of La.R.S. 13:5085,[1] the trial court fixed a rule to show cause why a special commissioner should not be appointed to take the testimony requested in the Attorney General's motion. The parties appeared for argument on the rule, and the trial court took the matter under advisement. On September 11, 1995, the trial court issued an order that Articles 1420 through 1474 of the Louisiana Code of Civil Procedure would govern discovery in the case rather than La.R.S. 13:5081, et seq. In written reasons for the order, the court stated its finding that discovery under the codal articles rather than under the "burdensome and archaic" provisions of La.R.S. 13:5081, et seq. would better serve the interest of judicial economy and promote expeditious movement of the case. The Attorney General then took the present appeal.
The trial court's reasoning, while certainly supported by policy considerations favoring judicial economy and efficient case management, nonetheless contains legal error. The provisions for taking testimony under La.R.S. 13:5081, et seq., although seldom used since their enactment in 1914, remain in effect and provide the Attorney General with discovery methods as an alternative to those established by the Louisiana Code of Civil Procedure. However, those alternative discovery methods are only available in an action instituted by the Attorney General "to enforce the laws respecting monopolies, combinations or conspiracies in restraint of trade, commerce or business." La.R.S. 13:5081.
The Attorney General has procedural capacity to bring suit alleging violation of the state's antitrust and unfair trade practices laws. La.R.S. 51:128, 138, 1407, 1408. Louisiana's antitrust and unfair trade practices laws are sui generis statutes regulating monopolies and restraints of trade or commerce in this state. State ex rel. Guste v. Pickering, 365 So.2d 943, 945 (La.App. 4 Cir.1978), writ denied, 366 So.2d 556 (La.1978). Certain specialized procedures are embodied in these sui generis statutes. The present pretrial appeal of this interlocutory judgment, as authorized by La.R.S. 51:135, is one such specialized procedure. See also Daily Advertiser v. Trans-La, 612 So.2d 7, 14-15 (La. 1993).
In 1914, the Louisiana Legislature enacted La.R.S. 13:5081-5090 to provide the Attorney General with specialized procedures for obtaining pretrial testimony and production of documents in antitrust and unfair trade practices litigation. La. Acts 1914, No. 288. The application of these specialized pretrial discovery procedures is expressly limited to antitrust and unfair trade practices suits instituted by the Attorney General or a district attorney acting on the direction of the Attorney General or the Governor. La.R.S. *523 51:5081. As noted by the trial court in this case, the discovery procedures authorized by La.R.S. 13:5081, et seq., are burdensome to implement. More important to this analysis, however, is the fact that the Louisiana Legislature, despite enacting numerous other provisions governing discovery in judicial proceedings, has not seen fit to repeal or amend La.R.S. 13:5081, et seq., since the 1914 enactment of those statutes.
In their brief to this court, defendants review the legislative development of discovery procedures in Louisiana and argue that the Louisiana Code of Civil Procedure, in particular Article 1426[2], grants authority for the discovery order issued by the trial court in this case. Alternatively, defendants contend that the order was properly issued because the provisions of La.R.S. 13:5081, et seq., were repealed by the subsequent enactment of the Code of Civil Procedure. Defendants urge that the special discovery procedures for antitrust cases in La.R.S. Title 13 are not identified as discovery methods available under La.C.C.P. art. 1421 and have therefore been repealed as being in conflict or inconsistent with the Code of Civil Procedure. See La. Acts 1976, No. 574, Sec. 3.
We find neither of defendants' arguments persuasive. The trial court's authority to issue a protective order under Article 1426 of the Code of Civil Procedure cannot be used to circumvent discovery procedures the Louisiana Legislature specifically granted to the Attorney General, regardless of how burdensome the trial court may find those discovery procedures. Moreover, our comparison of the specialized discovery procedures established by La.R.S. 13:5081, et seq., with the discovery procedures contained in the Code of Civil Procedure reveals no conflicts or inconsistencies of a magnitude sufficient to result in repeal of the special antitrust discovery procedures. Rather, the specialized discovery procedures for antitrust cases exist as an alternative or supplement to the discovery procedures found in the Code of Civil Procedure. We find that La.R.S. 13:5081-5090 remain effective as statutes and provide the Attorney General with specialized discovery procedures for use in this antitrust and unfair trade practices suit. The trial court therefore committed error by issuing an order which denied the Attorney General's request for discovery in this case under La.R.S. 13:5081, et seq.
For the foregoing reasons, the order of the district court that discovery in this case shall be governed by Louisiana Code of Civil Procedure Articles 1420 through 1474 rather than the provisions of La.R.S. 13:5081, et seq., is hereby vacated, and the case is remanded for further proceedings.
ORDER VACATED AND CASE REMANDED.
NOTES
[1] As it pertains to this case, La.R.S. 13:5085A provides:

Any court, or presiding judge thereof, in which any proceeding as provided in R.S. 13:5081 through 13:5090 is pending at any time, upon application therefor, made by the Attorney General, or district attorney, shall appoint some well qualified disinterested person as special commissioner, to take testimony, or in any such case, at any point either within or outside the state, as designated in such application, or where requested by either party to the cause of action, upon the issues joined in the cause.
[2] La.C.C.P. art. 1426 authorizes the trial court to issue protective orders in discovery matters. As quoted by defendants in brief to this court, Article 1426(3) grants the trial court authority to "... make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including... [t]hat the discovery may be had only by a method of discovery other than that selected by the party seeking discovery."