STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-586


ACADIANA RENAL PHYSICIANS, A
MEDICAL CORPORATION, ET AL.

VERSUS

OUR LADY OF LOURDES REGIONAL MEDICAL CENTER, INC.
AND LAFAYETTE GENERAL MEDICAL CENTER, INC.


**********
ON APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20202289
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**********
**JONATHAN W. PERRY**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and Jonathan W. Perry, Judges.




**REVERSED AND REMANDED.**

Adam G. Young
John Alden Meade
Meade Young, LLC
556 Jefferson St., Ste 200
Lafayette, LA 70501
(337) 534-0200
**COUNSEL FOR PLAINTIFFS-APPELLANTS**:
Acadiana Renal Physicians, A Medical Corporation and
Drs. Anthony Blalock, Roderick Clark, Akshey Gupta, Melissa Harrington,
Maximo Lamarche, Alphonso Lebron, and Juan Zeik

Russell B. Kahn
Attorney at Law
322 S. Market Street
Opelousas, LA 70570
Phone: (337) 948-6217
**COUNSEL FOR PLAINTIFFS-APPELLANTS**:
Acadiana Renal Physicians, A Medical Corporation and
Drs. Anthony Blalock, Roderick Clark, Akshey Gupta, Melissa Harrington,
Maximo Lamarche, Alphonso Lebron, and Juan Zeik

Randall Kurt Theunissen
Laura P. Johnson
Allen & Gooch
P. O. Box 81129
Lafayette, LA 70598-1129
(337) 291-1310
**COUNSEL FOR DEFENDANT-APPELLEE**:
Our Lady of Lourdes Regional Medical Center, Inc.

James H. Gibson
Stacy N. Kennedy
Gibson Law Partners, L.L.C.
P. O. Box 52124
Lafayette, LA 70505
(337) 761-6023
**COUNSEL FOR DEFENDANT-APPELLEE**:
Lafayette General Medical Center, Inc.

Charles E. Leche
Deutsch Kerrigan, LLP
735 Magazine St.
New Orleans, LA 70130
**COUNSEL FOR**:
Certain Underwriters At Lloyds
Subscribing To Policy W205D7190301

Jaylen Hebert Simar
Julie Savoy
Gachassin Law Firm
400 E. Kaliste Saloom Road, Suite 6100
Post Office Box 80369
Lafayette, LA 70598-0369
**COUNSEL FOR**:
St. Tammany Parish Service District No. 1,
d/b/a St. Tammany Parish Hospital Service District No. 1

M. Bofill Duhe
District Attorney, Iberia Parish
S. Andrew Shealy
Assistant District Attorney
Iberia Parish Courthouse
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4434
**COUNSEL FOR**:
Iberia Medical Center Foundation

**PERRY, Judge.**

Acadiana Renal Physicians, A.M.C. ("ARP") and its members, Drs. Anthony Blalock, Roderick Clark, Akshey Gupta, Melissa Harrington, Maximo Lamarche, Alphonso Lebron, and Juan Zeik, (collectively "the Plaintiff Doctors"), appeal the judgment of the trial court that denied the motion to compel Our Lady of Lourdes Regional Medical Center, Inc. ("OLOL") and Lafayette General Medical Center, Inc. ("LGMC") to answer Supplemental Discovery Requests.

### STATEMENT OF FACTS

ARP sued OLOL and LGMC alleging violations of the Louisiana Monopolies Act, La.R.S. 51:121-152, the Louisiana Unfair Trade Practices Act ("LUTPA"), La.R.S. 51:1401-1428, and seeking damages for unjust enrichment. At issue is the failure of OLOL and LGMC to pay the nephrologists, all of whom are members of the medical staffs of OLOL and LGMC with full medical privileges, for emergency on-call compensation they render at the two hospitals and other hospitals those two medical systems own. The petition alleges that the hospitals exercise their monopsony power to deny on-call payments to nephrologists at either hospital. The petition alleges that other physician specialists receive on-call pay in Lafayette, and other localities pay nephrologists on-call pay. After the trial court granted an exception of vagueness, ARP filed an amended petition which added the seven doctors who are shareholders in ARP as plaintiffs (collectively "the Plaintiffs").

On February 1, 2021, the trial court denied the peremptory exception of no cause of action brought by OLOL and LGMC. However, the trial court granted the peremptory exception of OLOL and LGMC finding no right of action against ARP and further granted the motion to strike brought by OLOL and LGMC, striking two paragraphs of the petition. On appeal to this court, we reversed the trial court's judgment which had granted the peremptory exception of no right of action and

further granted the motion to strike and remanded the matter to the trial court for further proceedings. *Acadiana Renal Physicians, A Med. Corp. v. Our Lady of Lourdes Reg'l Med. Ctr., Inc.*, 21-289, 21-290 (La.App. 3 Cir. 5/27/21), 321 So.3d 469.[1]

As it pertains to this appeal, on February 15, 2021, the Plaintiff Doctors served OLOL and LGMC with identical written supplemental discovery requests.[2] Those discovery requests included three interrogatories and two requests for production of documents, as follows:

**Interrogatories**

Supplemental Interrogatory No. 1.

Identify each physician who received compensation, remuneration, or other consideration for providing emergency call services to any emergency department maintained by You from 2016 to the present. (In the event such compensation, etc. was received by a physician practice group business entity, *e.g.*, a medical corporation or a limited liability company, please identify that business entity and the physicians linked to that business entity.)

Supplemental Interrogatory No. 2.

For each physician and business entity identified in response to Supplemental Interrogatory No. 1, above, identify the amount [of] compensation, remuneration, or other consideration received by such physician or business entity by date and payment.

Supplemental Interrogatory No. 3.

For each physician and business entity identified in response to Supplemental Interrogatory No. 1, above, please describe in detail how You determined the amount of compensation, remuneration, or other consideration paid to them.

---

[1] As reflected in the record, OLOL and LGMC have sought writs of certiorari to the state supreme court, seeking review of this court's judgment.

[2] These supplemented the original discovery requests ARP propounded to OLOL and LGMC on August 14, 2020.

**Requests for Production**

Supplemental Request for Production No. 1.

All documents, communications, and ESI relating to or concerning the compensation, remuneration, or other consideration received by such physician or business entities as indicated in Your response to Supplemental Interrogatory No. 2.

Supplemental Request for Production No. 2.

All documents, communications, and ESI relating to or concerning how You determined the amount of compensation, remuneration, or other consideration paid as indicated in Your response to Supplemental Interrogatory No. 3.

Subsequently, in individual responses OLOL and LGMC objected to those supplemental interrogatories and requests for production. Their objections consisted of three basic parts[3]: (1) providing the information would violate the privacy rights of the physicians whose compensation would be disclosed and were confidential;[4] (2) the information sought is proprietary; and (3) the information sought is irrelevant.

On April 12, 2021, the Plaintiff Doctors filed a motion to compel discovery from OLOL and LGMC. This matter was heard on May 24, 2021 and denied by the trial court as being premature because a Rule 10.1 Conference had not been conducted.

---

[3] Though not argued in either the trial court or before this court, OLOL and LGMC also generally objected to the interrogatories and request for production, stating that they are vague and ambiguous. Neither OLOL nor LGMC has advanced any of those contentions to this court.

[4] At an earlier hearing on May 24, 2021, OLOL also argued the applicability of La.R.S. 13:3715.3, a statute providing for the confidentiality of hospital committee records and proceedings. Our review of the briefs of OLOL and LGMC filed in the appeal now before us show no mention of La.R.S. 13:3715.3 or argument based thereon. Thus, we find that argument abandoned. Notwithstanding, we note that *Smith v. Lincoln Gen. Hosp.*, 605 So.2d 1347, 1348 (La.1992) recognized that La.R.S. 13:3715.3 did not "insulate from discovery certain facts merely because they have come under the review of any particular [hospital] committee. . . . Such could not have been the intent of the legislature, especially in light of broad scope given to discovery in general."

After conducting 10.1 Conferences on June 2 and 7, 2021, the Plaintiffs[5] refiled their motion to compel, and a hearing was held on July 12, 2021. Most of this hearing was spent on what the trial court thought it had ruled at the hearing on May 24, 2021, on these same issues. After hearing oral argument, the trial court ultimately denied the Plaintiffs' motion to compel. The Plaintiffs[6] then perfected this expedited appeal under the provisions of La.R.S. 51:135.

The Plaintiffs sole assignment of error is that the trial court abused its discretion when it denied their Motion to Compel because the information sought by the discovery requests is highly relevant and a protective order is already in place to address the Defendants/Appellees' claims of privacy or sensitivity of information.

## JURISDICTION

As a threshold matter OLOL and LGMC have urged us to examine *sua sponte* whether this court has subject matter jurisdiction to hear the Plaintiffs' appeal. They argue that this court does not have jurisdiction because the Plaintiffs' appeal is untimely on its face and should be dismissed. We disagree.

A review of the chronology shows that the trial court heard this matter on July 12, 2021, and orally ruled that day. As reflected on his Rule 9.5 Certificate, counsel for the Plaintiffs circulated a proposed judgment to counsel for OLOL and LGMC on the following day, July 13, 2021. After having waited at least five (5) working days as required in Rule 9.5, there having been no opposition, counsel for the

---

[5] Although the supplemental interrogatories and requests for production were filed by the Plaintiff Doctors, the motion to compel, the appearances at the trial court hearing, and the judgment are in the name of the Plaintiffs. OLOL and LGMC have not objected to that designation.

[6] The trial court granted the motion and order for appeal in the name of the Plaintiffs. Again, OLOL and LGMC have not opposed the inclusion of ARP with the Plaintiff Doctors in these appellate proceedings. Moreover, as a party to this litigation ARP has a justiciable right to participate in this appeal. *See Stelly v. Nat'l Union Fire Ins. Co.*, 18-293 (La.App. 3 Cir. 2/6/19), 266 So.3d 395.

Plaintiffs submitted the proposed judgment to the trial court, and it was signed on July 20, 2021.  The Plaintiffs' notice of appeal was filed that same day.

OLOL and LGMC argue that this was an interlocutory ruling and the time for seeking review in this court commenced on July 12, 2021, not July 20, 2021, when the judgment was signed.  They further contend that under La.Code Civ.P. art. 1914(A) "the rendition of an interlocutory judgment in open court constitutes notice to all parties" obviating the necessity of a written judgment.  They suggest that the Plaintiffs' five-day window to appeal commenced to run from the verbal ruling made at the hearing on their motion to compel in open court with all parties present. Accordingly, they suggest that the final day of the five-day period within which to appeal was July 19, 2021.  Thus, they conclude that the Plaintiffs' notice of appeal made on July 20, 2021,[7] was untimely.

Under the provisions of La.R.S. 51:135 interlocutory judgments, such as the one before us, are immediately reviewable because they allege claims that OLOL and LGMC violated the Louisiana Monopolies Act.  Louisiana Revised Statutes 51:135 states:

> All interlocutory judgments in the cases affected by this Part, and not otherwise provided for, shall be appealable within five days and shall be heard and determined within twenty days after appeal is lodged, and any interlocutory judgments not appealed, except those rendered during the progress of the trial, shall be final, and shall not be reopened on final appeal.  Such appeals shall be on the original papers, on the order of the district judge, if a transcript cannot be prepared in time.

---

[7] To better understand the argument of OLOL and LGMC, this is the chronology on which they rely: (1) the trial court rendered its interlocutory judgment denying the Plaintiffs' motion to compel on Monday, July 12, 2021; (2) under the provisions of La.Code Civ.P. art. 5059 and La.R.S. 1:55 weekends are not included in the calculation of time periods less than seven days; and (3) the fifth day fell on Saturday, July 17, 2021, pushing the final day of the five-day period to Monday July 19, 2021.

Legislation is the solemn expression of the legislative will, and thus, the interpretation of legislation is primarily the search for legislative intent. *Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.*, 98-0601 (La. 10/20/98), 720 So.2d 1186. Accordingly, our rules of statutory construction are designed to ascertain and to enforce the intent of the legislature. *In re Succession of Boyter*, 99-0761 (La. 1/7/00), 756 So.2d 1122. The paramount consideration in such interpretation is the ascertainment of legislative intent and the reason or reasons which prompted the legislature to enact the law. *Fontenot v. Chevron, U.S.A., Inc.*, 95-1425 (La. 7/2/96), 676 So.2d 557.

The starting point in the interpretation of any statute is the language of the statute itself as what a legislature says in the text of a statute is considered the best evidence of its intent and will. *M.J. Farms, Ltd. v. Exxon Mobil Corp.,* 07-2371 (La. 7/1/08), 998 So.2d 16. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9; *see also* La.R.S. 1:4 ("When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.")

The jurisprudence has recognized that the law relative to monopolies and restraints of trade or commerce contained in La.R.S. 51:121-152 constitutes *sui generis* statutory law. *State ex rel. Guste v. Pickering*, 365 So.2d 943 (La.App. 4 Cir.), *writ denied*, 366 So.2d 556 (1978); s*ee also State ex rel. Ieyoub v. Brunswick Bowling & Billiards Dover, Inc.,* 95-797 (La.App. 5 Cir. 11/15/95), 665 So.2d 520, *writs denied*, 95-3015, 95-3018 (La. 2/16/96), 667 So.2d 1053 (holding that certain specialized procedures regarding the pretrial appeal of interlocutory judgments are

embodied in these *sui generis* statutes and La.R.S. 51:135, is one such specialized procedure); *in accord Daily Advertiser v. Trans-La, a Div. of Atmos Energy Corp.*, 612 So.2d 7 (La.1993) (holding that while the usual procedural vehicle for seeking review of the pretrial denial of exceptions would have been by supervisory writs, defendants were afforded an expedited right of appeal pursuant to La.R.S. 51:134, a special appellate provision for the denial of exceptions in antitrust actions).

As explained in *Pickering*, 365 So.2d at 945-46:

> Generally, the usual appeal not coming under the statute in suit brings to the appellate court the whole case or any part thereof which the appellant desires to have reviewed. Thus, interlocutory judgments are before the appellate court in the usual appeal, and errors in such judgments can be corrected following a hearing on the merits of the appeal. That is the basic reason why interlocutory judgments are not appealable unless they may cause irreparable injury. This reasoning does not apply in the instant case which is controlled by the above quoted LSA-R.S. 51:135. Under that section all interlocutory judgments are appealable unless "otherwise provided for" in the statute and in the absence of such an appeal all interlocutory judgments become final and "shall not be reopened on final appeal". We do not find that discovery is "otherwise provided for". Thus, our conclusion must be that the interlocutory judgment herein appealed from, although dealing only with discovery, need not cause irreparable injury in order to be appealable. It is appealable, regardless of the presence or absence of possible irreparable injury. Indeed, the appeal provided for in LSA-R.S. 51:135 is not only permitted, it is an absolute necessity on the part of plaintiff because the judgment appealed from becomes final in the absence of an appeal. We therefore conclude that the appeal cannot be dismissed.

It is abundantly clear that the legislature crafted La.R.S. 51:135 and adopted the appellate process to address interlocutory determinations when presented in the context of the Louisiana Monopolies Act. That fact is manifested by the legislature's use of the word "appeal" five times in La.R.S. 51:135. "Words of art and technical terms must be given their technical meaning when the law involves a technical matter." La.Civ.Code art. 11. The word "appeal" is such a word. Moreover, La.R.S. 51:135 specifically references "interlocutory judgments," further differentiating

7

between rulings on interlocutory matters in any general setting which may not depend on a judgment and appealable matters in specialized cases, such as the present setting, that require a judgment.

The Louisiana Constitution of 1974 provides intermediate appellate courts with both appellate and supervisory jurisdiction. *See* La.Const. art. 5, § 10(A); *see also Pollard v. Alpha Technical,* 13-1239, 13-1240 (La.App. 4 Cir. 2/5/14), 131 So.3d 1123. "[T]he difference between supervisory jurisdiction and appellate jurisdiction is that the former is discretionary on the part of the appellate court while the latter is invocable by the litigant as a matter of right." *Livingston Downs Racing Ass'n, Inc. v. La. State Racing Comm'n,* 96-1215, p. 3 (La.App. 4 Cir. 6/5/96), 675 So.2d 1214, 1216. Examining the language utilized in La.R.S. 51:135, it is evident that the legislature intended a litigant to be able, as a matter of right, to have interlocutory judgments reviewed, not subject to the discretion of the appellate court. Therefore, we find no merit to the argument of OLOL and LGMC that this court should dismiss the Plaintiffs' appeal on jurisdictional grounds.

### MOTION TO COMPEL

The Plaintiffs contend the trial court abused its discretion when it denied their motion to compel OLOL and LGMC to answer their supplemental interrogatories and supplemental requests for production. They argue that the information sought by the discovery requests is highly relevant. They further point out that a protective order is already in place to address the contentions of OLOL and LGMC that the information sought would violate third-party privacy and involves sensitive information.

8

OLOL and LGMC argue that the trial court did not abuse its discretion because the information sought is irrelevant, proprietary, and violative of the privacy rights of the physicians whose compensation would be disclosed.

In ruling upon discovery matters, the trial court is vested with broad discretion, and, upon review, an appellate court should not disturb such rulings absent a clear abuse of discretion. *Succession of McCalmont*, 18-344 (La.App. 3 Cir. 12/12/18), 261 So.3d 903, *reversed in part on other grounds,* 19-359 (La. 5/20/19), 271 So.3d 194. Accordingly, we will review the trial court's ruling for an abuse of discretion.

At this juncture it is important to remember that we have recognized that the Plaintiffs' petition and supplemental petition have stated a cause of action and that ARP and the Plaintiff Doctors have a right of action to bring claims under LUTPA, the Monopolies Act, and under a theory of unjust enrichment. *See n. 1, supra.* It is equally important to note that at this stage of the litigation no evidence has been presented.

In *Badeaux v. Sw. Comput. Bureau, Inc.,* 05-0612, pp. 9-10 (La. 3/17/06), 929 So.2d 1211, 1218, the supreme court stated:

> Our code of civil procedure sets forth a system of fact pleading. *Cox v. W.M. Heroman & Co.,* 298 So.2d 848, 855 (La.1974). La. C.C.P. art. 854 provides that "all allegations of fact of the petition ... shall be set forth in numbered paragraphs." The Code further provides that a petition must contain "a short, clear, and concise statement of ... the material facts of, the transaction or occurrence that is the subject matter of the litigation...." La.C.C.P. art. 891(A). To plead "material facts," the petitioner must allege more than mixed questions of law and fact, such as that the defendant breached the contract or acted unreasonably. Frank L. Maraist & Harry T. Lemmon, 1 Louisiana Civil Law Treatise Civil Procedure § 6.3, at 102 (1999). Rather, "[t]he Code requires the pleader to state what act or omission he or she will establish at trial." *Id*.

9

Against that backdrop, it is well-established in Louisiana jurisprudence that discovery statutes are liberally and broadly construed to achieve certain basic objectives of the discovery process:

> (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims.

*Hodges v. S. Farm Bureau Cas. Ins. Co.*, 433 So.2d 125, 129 (La.1983); *see also Quality Env't Processes, Inc. v. I.P. Petroleum Co.,* 13-1582 (La. 5/7/14), 144 So.3d 1011 (holding that the goal of Louisiana's discovery statutes is to ensure ethical and fair cooperation between attorneys litigating a case).

In their first amended petition for damages, the Plaintiffs allege: (1) they are a medical corporation composed of seven nephrologist shareholders who treat patients with kidney disease in Lafayette; (2) OLOL and LGMC refuse to compensate them for emergency call services provided to their hospital systems; (3) these hospitals require all physicians to provide emergency call services to be members of their respective hospital staffs; (4) OLOL and LGMC pay substantial amounts in per diem compensation to some physician specialists for emergency call service but refuse to pay nephrologists in a like manner; (5) their petitions detail how the two hospitals knowingly refuse to pay them for their emergency labor because (a) these specialists are economically dependent on these hospitals as a primary source of referrals, and (b) these physician specialists are not a source of valuable patient referral to the defendant hospitals. Accordingly, the Plaintiffs contend that the conduct of OLOL and LGMC has damaged them and is violative of LUTPA and the Louisiana Monopolies Act. In the alternative, the Plaintiffs allege that the

10

defendant hospitals are liable to them for damages under the doctrine of unjust enrichment.

Generally, a party may obtain discovery of any matter, not privileged, which is relevant to the subject matter involved in the pending litigation, "including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things." La.Code Civ.P. art. 1422. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." La.Code Evid. art. 401. "The test of discoverability is not whether the particular information sought will be admissible at trial, but whether the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Wollerson v. Wollerson*, 29,183, p. 2 (La.App. 2 Cir. 1/22/97), 687 So.2d 663, 665.

It cannot be denied that relevance is the touchstone for the determination of whether discovery material may be obtained. Looking carefully at the Plaintiffs' pleadings, we find the three supplemental interrogatories and the two requests for production meet the test of relevance and are intimately related to uncovering facts supportive of their causes of action. At this juncture we cannot foretell which information sought in these discovery requests will ultimately be admissible evidence. Nonetheless, it does appear that these discovery requests are reasonably calculated to lead to the discovery of such evidence.

Nevertheless, there are limitations on discovery, particularly "when justice requires that a party or other person be protected from annoyance, embarrassment, oppression, or undue burden or expense." *Stolzle v. Safety & Syst. Assurance Consultants, Inc.*, 02-1197, p. 2 (La. 5/24/02), 819 So.2d 287, 289. In addition,

Louisiana jurisprudence has required a showing of relevancy and good cause by a party seeking production of records from a non-party. *Id.* "An appellate court must balance the information sought in light of the factual issues involved and the hardships that would be caused by the court's order when determining whether the trial court erred in ruling on a discovery order." *Wollerson*, 687 So.2d at 665.

OLOL and LGMC put forth a twofold argument. Initially, they contend that much of the information sought in the Plaintiffs' supplemental discovery requests involve monetary details about a large number of physicians who are not parties to this litigation.

The resolution of this contention involves a balancing of rights to privacy OLOL and LGMC assert on behalf of those physicians who are not parties to this litigation and the Plaintiffs' right to develop information which may be critical to prove their causes of action against these medical systems. A trial court is authorized to grant a protective order under the provisions of La.Code Civ.P. 1426 "for good cause shown" if justice requires such an order "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." In the present case, the trial court crafted a protective order which serves a twofold purpose: (1) it protects the privacy rights upon which OLOL and LGMC base their objection to discovery, and (2) it restricts what use the Plaintiffs can make of the information once obtained in discovery. In this manner privacy rights are protected, and the Plaintiffs are allowed to seek information necessary for the prosecution of their case. Therefore, we find no merit to the privacy argument urged by OLOL and LGMC.

Next, OLOL and LGMC assert that they cannot be required through discovery to provide information about how on-call pay is determined because such

information is proprietary.[8]  Our review of the record shows that OLOL and LGMC have failed to explain how this information is proprietary.  Simply stated, we have nothing before us to show this information is a trade secret or the like.  Without such a prima facie showing, we find no merit to the argument of OLOL and LGMC in this regard.  Moreover, even if such a showing had been made, we find the protective order restricts how the Plaintiffs may use this information once obtained in discovery and protects the proprietary information.

OLOL also asserts in brief to this court, without much elaboration, that the Plaintiffs' supplemental discovery requests are overly broad and unduly burdensome.  Our review of the trial court hearing on the motion to compel shows this argument was not made to the trial court and formed no basis for its determination.  "[A]n appellate court may not decide issues the trial court did not consider." *Ducote v. Union Pac. R.R. Co.,* 08-1208, p. 9 (La.App. 3 Cir. 2/4/09), 4 So.3d 240, 247, *writ denied,* 09-940 (La. 6/5/09), 9 So.3d 877 (citing *Gorham v. Mathieson Alkali Works, Inc.,* 210 La. 462, 27 So.2d 299 (1946)).

Lastly, both OLOL and LGMC urge us to alternatively remand this matter to the trial court for clarification.  They argue that the trial court made suggestions at the hearing of May 24, 2021, a hearing which was dismissed as being premature.

According to the trial transcript for May 24, 2021, the trial court in dicta suggested that OLOL and LGMC produce the emergency call pay data by specialty,

---

[8] As an adjunct to its contention, LGMC contends that it has already explained in its answers to the supplemental discovery request how on-call pay is determined.  In their response to all the Plaintiffs' supplemental discovery requests, LGMC stated that "call pay is set based upon fair market value and commercial reasonableness.  Fair market value and commercial reasonableness is determined by third party opinion based on proprietary data via FMV-MD™ (https://www.fmvmd.com/)[.]"  LGMC cannot shield itself by simply asserting this data acquisition from a third party vendor is proprietary.  Moreover, as stated in its response LGMC obtains a third party **opinion**.  It does not provide any detailed information, as requested in the Plaintiffs' discovery request, whether it simply adopts that third party opinion or the matter is further investigated for determination by an in-house committee.

omitting the individual doctor's names, and further stated that it would have limited the period of production from five years to three years. At no time did the trial court make a formal ruling incorporating these suggestions into a judgment on May 24, 2021. These dicta would later cause confusion at the hearing held on July 12, 2021 and were not included in the judgment now before us. To the contrary, the judgment now before us simply states that the trial court denied the Plaintiffs' Motion to Compel Discovery. It is well-established that "'appellate courts review judgments, not reasons for judgment.'" *Wooley v. Lucksinger*, 09-0571, p. 78 (La. 4/1/11), 61 So.3d 507, 572 (quoting *Bellard v. Am. Cent. Ins. Co.,* 07-1335 p. 25 (La. 4/18/08), 980 So.2d 654, 671).

Our review of the judgment of July 20, 2021, shows that the trial court's earlier suggestions were neither referenced nor incorporated into its judgment. Therefore, we find there is no merit to the request of OLOL and LGMC that we remand this matter for clarification of the judgment of July 20, 2021, now before us. To do so would breathe life into dicta and would elevate a trial court's suggestions at an earlier hearing into a formal decree of a trial court.

## DISPOSITION

For the foregoing reasons, we reverse the judgment of the trial court, grant the Motion to Compel Discovery brought by Acadiana Renal Physicians, A.M.C. and its members, Drs. Anthony Blalock, Roderick Clark, Akshey Gupta, Melissa Harrington, Maximo Lamarche, Alphonso Lebron, and Juan Zeik, and remand this matter to the trial court to consider attorneys' fees and costs as provided in La.Code Civ.P. art. 1469. Costs of this appeal are assessed equally between Our Lady of Lourdes Regional Medical Center, Inc. and Lafayette General Medical Center, Inc.

**REVERSED AND REMANDED.**

14