JiDUFRESNE, Judge.
This is an antitrust and unfair trade practices suit brought by the State of Louisiana through the Attorney General. On defendants’ request, the trial court granted a preliminary injunction enjoining the State from issuing investigative demands or conducting any further discovery in the ease without providing notice to defendants. The State, through the Attorney General, filed this expedited pretrial appeal of the preliminary injunction, as authorized by La. R.S. 51:135. We are asked to determine whether La. R.S. 51:1411 requires the Attorney General to notify defendants of investigative demands served on non-parties to the suit. Because we find that the Unfair Trade Practices Statute does not impose such a notice requirement, we vacate the preliminary injunction and remand for further proceedings.
The State of Louisiana through the Attorney General commenced |2this action by petition alleging that the named defendants have violated and continue to violate Louisiana’s antitrust laws, La. R.S. 51:121, et seq., and its unfair trade practices laws, La. R.S. 51:1401, et seq. The Attorney General served investigative demands on nonparty companies having business dealings with defendants, as authorized by La. R.S. 51:1411, which provides:
A. When the attorney general and director have evidence that a person has engaged in or is engaged in any method, act, or practice declared to be unlawful by this chapter and they believe it to be in the public interest that an investigation should be made to ascertain whether a person in fact has engaged in or is engaging in any act or practice declared to be unlawful, the attorney general and director may execute in writing and cause to be served upon any person who is believed to have information, documentary material or physical evidence relevant to the alleged or suspected violation, an investigative demand. Such investigative demand shall contain a description of the unlawful method, act or practice under investigation, and shall require such person to furnish, under oath or otherwise, a report in writing setting forth the relevant facts and circumstances of which he has knowledge, or to produce relevant documentary material or physical evidence for examination, at such reasonable time and place as may be stated in the investigative demand, concerning the advertisement, sale or offering for sale of any goods or services or the conduct of any trade or commerce that is the subject matter of the investigation.
B. At any time before the return date specified in the investigative demand, or within twenty days after the demand has been served, whichever is shorter, a petition stating good cause for a protective order to extend the return date, or to modify or set aside the demand, may be filed in the district court having civil jurisdiction in the parish where the person served with the demand resides or is domiciled or has his principal place of business.
*107 C. If no protective order from the court is secured and the written request by the attorney |-¡general and director is not complied with by the return date thereof, the attorney general and director may apply to the court for an order compelling compliance with the demand under R.S. 51:1413.
After learning about the investigative demands, defendants petitioned the trial court for a temporary restraining order, to be followed by preliminary and permanent injunctions, prohibiting the Attorney General from issuing investigative demands or conducting any further discovery in the case without first providing notice to defendants. Defendants contended that the Attorney General’s issuance of investigative demands without notice to defendants violated the notice requirements for discovery under our Code of Civil Procedure, as incorporated by the Unfair Trade Practices Statute. The trial court granted the temporary restraining order and set a hearing on defendants’ request for a preliminary injunction. Prior to the hearing, the Attorney General obtained an ex parte dissolution of the temporary restraining order. However, following the hearing, the trial court granted defendants’ request for a preliminary injunction pending trial on the merits of the request for a permanent injunction. The Attorney General then filed for expedited appeal.
On appeal, the Attorney General argues that La. R.S. 51:1411 authorizes him to serve investigative demands on non-parties to an unfair trade practices case without imposing a requirement to give notice to the defendants. The Attorney General further argues that defendants failed to establish their entitlement to the injunctive relief granted by the trial court. Defendants urge that the Attorney General Rcannot use an investigative demand to circumvent the notice requirements for discovery under our Code of Civil Procedure. As support, defendants refer to La. R.S. 51:1415, a section of the unfair trade practices law,which states that “[s]ervice of any demand, subpoena or peti-' tion shall be made in the manner provided by ' the Louisiana Code of Civil Procedure-” Defendants contend that this section fully incorporates into the Unfair Trade Practices Statute all notice requirements for discovery imposed by the Code of Civil Procedure.
By enacting La. R.S. 51:1411, our Legislature established the investigative demand as a unique device available only in an unfair trade practices action. The Attorney General is authorized to serve an investigative demand on any person believed to have information, documentary material or physical evidence relevant to an alleged violation of the Unfair Trade Practices Law. La. R.S. 51:1411
A. The requirements for a valid investigative demand are contained in Section 1411 A and the procedures for challenging an investigative demand are detailed in Section 1411
B. Notice to the defendants in an unfair trade practices action of an investigative demand served on a non-party is not required under Section 1411 A. Although defendants urge us to interpret La. R.S. 51:1415 as incorporating the notice requirements for discovery under the Code of Civil Procedure, the express language of Section 1415 only incorporates the Code of Civil Procedure as to the manner of serving a demand, subpoena or petition in an unfair trade practices ease.
I sin Humphreys v. State ex rel. Guste, 377 So.2d 88, 92 (La.1979), the Supreme Court referred to the investigative demand issued by the Attorney General in that case as “not a subpoena, but the commencement, so to speak, of the action against” the party accused of unfair trade practices. The sufficiency of the material facts alleged in the investigative demand was at issue in Hum-phreys. That issue is not before this court in our review of the preliminary injunction challenged on expedited appeal.[1] And we express no opinion regarding the sufficiency of the material fact allegations contained in any investigative demand issued by the Attorney General in this case. Moreover, the investi *108 gative demand in Humphreys was served on the party accused of unfair trade practices in that case. The investigative demands in this case were served on non-parties and cannot be considered as commencing the action, as was the situation in Humphreys. Rather, the investigative demands in this action requested production of case-related invoices in the non-parties’ possession. The Attorney General used the investigative demands for discovery under authority of La. R.S. 51:1411 A which does not specify notice to defendants as a requirement for such discovery. As we previously stated in State ex rel. Ieyoub v. Brunswick Bowling, 95-797, p. 4 (La.App. 5 Cir. 11/15/95); 665 So.2d 520, 522; writ denied, 95-3018 (La.2/16/96); 667 So.2d 1053: “Louisiana’s antitrust and unfair trade practices laws are sui generis statutes regulating monopolies and restraints of trade or commerce in this state, (citation omitted). Certain specialized procedures are embodied in these sui generis statutes.” The investigative demand authorized by La. R.S. 51:1411 is just such a specialized procedure, and the trial court committed error by granting a preliminary injunction imposing on the Attorney General a notice requirement for discovery not established by that statute.
For the foregoing reasons, the December 6, 1996 order of the district court granting a preliminary injunction is hereby vacated, and the case is remanded for further proceedings.

ORDER VACATED AND CASE REMANDED.

. In the present case, the Attorney General’s investigative demand was served on and directed to dealers with whom defendants conducted business. Since the demands were not directed to defendants, it is questionable whether defendants have standing to challenge the sufficiency of the material facts alleged in the investigative demand. Additionally, the injunction proceeding instituted by defendants in the trial court does not comply with the procedure established by La. R.S. 51:1411 B for challenging an investigative demand.